[No. 9272. In Bank. — February 25, 1887.]

ALBERT S. WILLIAMS, RESPONDENT, *v.* SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — RAILROAD — INJURY TO TRESPASSER ON TRACK — EVIDENCE. — The action was brought to recover damages for personal injuries inflicted on the plaintiff through the alleged negligence of the defendant's employees. At the time of the injury, the plaintiff was lying in an unconscious condition by the side of the defendant's track, and while there was run over by a passing train. The negligence was claimed to consist in the failure of the engineer to use ordinary diligence in stopping the train after seeing the plaintiff. On a review of the evidence, *held*, that there was no negligence shown on the part of the defendant or its employees.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

On the 23d of July, 1882, the plaintiff was put off of one of the trains of the defendant at or near a place called Kelleher's Crossing. He then went a short distance away and procured a rope, with which he returned to the crossing and proceeded to tie up a bundle of blankets. Being very much intoxicated at the time and overcome by the heat, he fell asleep between the ties outside of the track, and so remained until he was injured by a passing train belonging to the defendant. The action was brought to recover damages for the injury. On the trial the defendant moved for a nonsuit, which was denied. The further facts are stated in the opinion of the court.

*Geil & Morehouse, Creed Haymond*, and *W. C. Belcher*, for Appellant.

*D. M. Delmas*, for Respondent.

TEMPLE, J. — After reargument we still adhere to the former conclusion in this case. As the motion for non-suit was not granted, the court will now examine the testimony in the whole case in reviewing the ruling of the court. It does not become important now, therefore, to inquire whether the case was one which ought to have been taken from the jury on the proposition that when the evidence is not conflicting, the question as to contributory negligence is a question of law for the court.

There was a motion for a new trial and a statement of the case, and the point was there made that the evidence was insufficient, because it failed to show negligence on the part of the defendant, and did show that the injury was caused by the negligence of the plaintiff. On the whole case, can the judgment be sustained? This really depends upon the inquiry as to whether there was a real conflict in the evidence on the point of negligence.

It is admitted that the plaintiff was grossly negligent, and that such negligence contributed to the accident, but it is claimed that notwithstanding such gross negligence on the part of plaintiff, — in fact, in consequence of the danger to plaintiff occasioned solely by his own gross negligence, — the defendant owed him a certain duty which it failed to perform, and that the injury would not have been received if such duty had been performed.

Counsel concedes that the defendant did not owe plaintiff, who was a trespasser upon its roadway, the duty of looking out for him. It had a right to assume that no trespasser would be on its track. If, for instance, the engineer had been reading instead of being on the lookout, and therefore had not seen the plaintiff, and in consequence had run over and crippled him, the defendant would not have been liable, although it were admitted that had the usual lookout been kept up, the engineer would have seen plaintiff, and would easily have prevented the accident.

Taking the admitted negligence of the plaintiff as a

premise,— i. e., as a circumstance,—in view of which
the defendant is to be judged, did the defendant even
then fail in some duty which it owed the plaintiff?
This will depend upon two propositions: Did the en-
gineer, as a matter of fact, see the plaintiff, helpless or
unjudging, in a dangerous position in time to have
stopped the train? and having so seen him, did he use
ordinary diligence to stop the train?

The plaintiff was lying beside, not on, the track. There
were weeds where he was lying, but not sufficient to pre-
vent his being seen. The plaintiff proved that such an
object might have been seen in that position at a dis-
tance of four hundred or five hundred yards by the en-
gineer, if he had been looking for it. After the accident
the plaintiff was picked up about fifteen feet from the
crossing, and there was a clot of blood on the rail at the
crossing. The whistle was sounded four hundred or five
hundred feet from the place of the accident, and the en-
gine was stopped right abreast of where the plaintiff was
lying. It appears that the plaintiff, besides having his
foot crushed, was injured somewhat on his head and
one shoulder. Here the evidence on the part of plain-
tiff really ended. Plaintiff's own testimony was more
favorable to the theory of the defendant. He thought
he was sitting on the end of a tie outside the track.
There is here no evidence whatever that the engineer
saw plaintiff, except the fact that the train was stopped,
and no evidence of want of diligence. The engineer,
however, testified for defendant that when he approached
the place of the accident he first saw the bundle of blank-
ets by the road, and kept his eye on it for about a half-
minute before he saw the plaintiff; that as soon as he
saw that the plaintiff was in a dangerous position, he
used every effort, and as quickly as possibly, to stop the
train. There is no conflict as to what the engineer did,
unless it consists in the fact that it is shown that he
sounded the whistle, by doing which, it is claimed, he

lost time in stopping the train. But we cannot now say that any time was lost by this, or that it was not proper under the circumstances, both as an alarm to plaintiff, whom the engineer did not know to be absolutely unjudging, and notice to the train hands to assist at the brakes. 'Then the engineer was not called upon for the highest possible diligence, but only for ordinary diligence; and even should it appear in judging afterwards that something different might perhaps have been better, it would not make the case against the defendant. We do not think there is here a substantial conflict, if it can be said that there is a conflict at all. The rule is not, as counsel seems to suppose, that any degree of conflict in the evidence, however slight, will avail to support a verdict and judgment on appeal. Where we can plainly see that the conflict is not a substantial one, we do not hesitate to interfere.

Indeed, the testimony of the witnesses in the case discloses no conflict at all. The evidence which it is claimed tends to prove negligence on the part of the engineer consists simply of inferences, which are uncertain and remote, and required considerable ingenuity on the part of counsel to make apparent. Admitting the general rule to be that the case will not be taken from the jury where there is any evidence tending to show negligence capable of producing any degree of uncertainty, we think even tested by that rule, a new trial ought to be granted in this case.

Judgment and order reversed, and a new trial ordered.

PATERSON, J., McFARLAND, J., and MORRISON, C. J., concurred.

McKINSTRY, J., concurred in the judgment.

THORNTON, J., dissented.