[No. 14880.   In Bank. — January 12, 1893.]

MAGGIE HOLMES, ADMINISTRATRIX, ETC., APPELLANT, *v.* SOUTH PACIFIC COAST RAILWAY COMPANY, RESPONDENT.

NEGLIGENCE — PASSENGER KILLED WHILE WALKING UPON RAILROAD TRACK — CONTRIBUTORY NEGLIGENCE — ACTION FOR DEATH — NONSUIT — FAILURE TO SOUND ALARM-WHISTLE. — Where a passenger, about to take a train, walked in daylight in dangerous proximity to the railroad track, without looking or listening for the approach of the train for which he was waiting, and finally stepped partly upon the track, in which position he was struck and killed by the approaching engine, he was guilty of contributory negligence, and in an action by his administratrix for his death thereby caused, the plaintiff is properly nonsuited; and the fact that the engineer only rang the bell, and did not sound the alarm-whistle, is immaterial, in view of the negligent conduct of the deceased.

ID. — CONCURRING NEGLIGENCE OF DEFENDANT. — The rule which permits a recovery notwithstanding the previous negligence of the plaintiff or person injured is only properly applied where such negligence was the remote and not the proximate cause of the injury, and the negligence of the defendant is independent of the preceding negligence of the person injured; and this principle cannot govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them.

ID. — EVIDENCE — CUSTOM AS TO OPERATION OF DOUBLE-TRACK RAILROADS — KNOWLEDGE OF DECEASED. — Where it appears that the defendant had for two years previous to the accident operated its trains upon the left-hand side of its double track, an offer of plaintiff to prove a universal custom for other railroads to operate trains upon the right-hand track is properly excluded as irrelevant. The liability of the defendant cannot be made to depend upon the question whether the deceased did or did not know of the way in which it operated its road.

XCVII. CAL.—11

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George Lezinsky,* for Appellant.

The evidence does not show that there was negligence on the part of the decedent which was the proximate cause of his death.   Even if there was negligence on the part of the decedent, the plaintiff is still entitled to recover. (*Needham* v. *San Francisco etc. Co.,* 37 Cal. 422; *Schierhold* v. *N. B. & M. R. R. Co.,* 40 Cal. 447; *Orcutt* v. *Pacific Coast R'y Co.,* 85 Cal. 291; *White* v. *Wabash R'y Co.,* 34 Mo. App. 57; *Kelly* v. *Union R'y etc. Co.,* 95 Mo. 284, 285; *Bouwmeester* v. *G. R. etc. R. R. Co.,* 63 Mich. 557; *Inland etc. Co.* v. *Tolson,* 11 Sup. Ct. Rep. 653.)   Even if the party injured is a trespasser, still, if he is seen, and after seeing him, the railroad should neglect to use ordinary care and diligence to avoid an injury to him, he can recover. (*Williams* v. *S. P. R. R. Co.,* 72 Cal. 120; *Toomey* v. *S. P. R. R. Co.,* 86 Cal. 374.)   The evidence does not show, as a matter of law, that there was any negligence on the part of the decedent.   Negligence is always relative to some circumstance of time, place, or person. (*Needham* v. *San Francisco etc. R. R. Co.,* 37 Cal. 424.)   The court erred in taking the case out of the hand of the jury, and itself passing upon the facts. The case should have unquestionably gone to the jury upon the evidence presented. (*Noyes* v. *S. P. R. R. Co.,* 92 Cal. 291; *Schierhold* v. *N. B. & M. R. R. Co.,* 40 Cal. 453; *Robinson* v. *Western Pacific R. R. Co.,* 48 Cal. 421.) The question as to whether it was the universal custom to run the train upon the right-hand track was proper to be considered by the jury in determining whether or not the decedent had been guilty of negligence in being where he was. (*Pluckwell* v. *Wilson,* 5 Car. & P. 375; *Wayde* v. *Carr,* 2 Dowl. & R. 255.)

*Frank Shay,* for Respondent.

The defendant was not negligent in failing to blow the whistle when several hundred feet distant. The engineer was entitled to suppose that the decedent was in possession of his senses, and would step off or away from the track before the train reached him, especially so after he had blown the whistle. (2 Wood on Railroads, 1264, 1267 et seq.; *Moore* v. *R. R. Co.,* 108 Pa. St. 349; *Louisville etc. R. R. Co.* v. *Cooper's Adm'r,* 6 Am. & Eng. R. R. Cas. 5; *Railroad Co.* v. *Austin,* 69 Ill. 426; *Ohio etc. R. R. Co.* v. *Walker,* 113 Ind. 196; 3 Am. St. Rep. 638; *Cincinnati etc. R. R. Co.* v. *Butler,* 103 Ind. 31; *Telfer* v. *Northern R. R. Co.,* 30 N. J. L. 188–195; *Yancey* v. *Wabash etc. R. R. Co.,* 93 Mo. 433–438; *Bell* v. *Hannibal etc. R. R. Co.,* 72 Mo. 50; *State* v. *Baltimore etc. R. R. Co.,* 69 Md. 494; 9 Am. St. Rep. 436; *Cords* v. *Third Ave. R. R. Co.,* 24 Jones & S. 319–322.) Even if the defendant was negligent, still the decedent was guilty of such negligence that no recovery could be had, in the absence of proof of wantonness or willfulness upon the part of the defendant. (*Esrey* v. *S. P. R. R. Co.,* 88 Cal. 399.) The railroad company is not liable for injuries caused solely by the act of the injured party. (*Evansville etc. R. R. Co.* v. *Hiatt,* 17 Ind. 102.) When it appears that the injured party has not exercised such care as men of prudence usually exercise in positions of like exposure and danger, the question of negligence is one of law for the court. (*Glascock* v. *Central Pac. R. R. Co.,* 73 Cal. 137; *Fernandes* v. *Sacramento etc. R'y Co.,* 52 Cal. 50; *Flemming* v. *Western Pac. R. R. Co.,* 49 Cal. 257; *Trousclair* v. *Pac. Coast S. S. Co.,* 80 Cal. 521; *Wheelwright* v. *Boston etc. R. R. Co.,* 135 Mass. 225.) The plaintiff should have been nonsuited, as the injured party, by looking, might have seen the train coming, in time to have avoided the accident. (*Baxter* v. *Troy etc. R. R. Co.,* 41 N. Y. 502; *Ohio etc. R. R. Co.* v. *Hill,* 117 Ind. 56; *Woodward* v. *New York etc. R. R. Co.,* 106 N. Y. 369; *Trousclair* v. *Pac. Coast S. S. Co.,* 80 Cal. 521; *McQuilken* v. *Central Pac. R. R. Co.,*

50 Cal. 7; *Tennenbrock* v. *Southern Pac. R. R. Co.*, 59
Cal. 269–271; *Deville* v. *Southern Pac. R. R. Co.*, 50 Cal.
383.) It must be presumed that the decedent did not
look, or that if he did look, he did not heed what
he saw. Such conduct is negligence *per se.* (Beach on
Contributory Negligence, p. 193, sec. 63; *Trousclair* v.
*Pac. Coast S. S. Co.*, 80 Cal. 521; *Glascock* v. *Central Pac.
R. R. Co.*, 73 Cal. 137.) Where a passenger goes from
the station to the platform, and walks so close to the
track that he is struck by an approaching train and
killed, he has been guilty of negligence, and there can
be no recovery of damages for his death. (*Pennsylvania
R. R. Co.* v. *Bell*, 122 Pa. St. 58; *Carroll* v. *Pennsylvania
R. R. Co.*, 12 Week. Not. Cas. 348; *Marland* v. *Pittsburgh
etc. R. R. Co.*, 123 Pa. St. 487; 10 Am. St. Rep. 541;
*Weeks* v. *New Orleans etc. R. R. Co.*, 40 La. Ann. 800; 8
Am. St. Rep. 560–564.) A person who voluntarily and
unnecessarily places himself in a position of danger
cannot hold the railroad company responsible for in-
juries of which his position was the efficient cause.
(*Esrey* v. *S. P. Co.*, 88 Cal. 399; *Trousclair* v. *Pac. Coast
S. S. Co.*, 80 Cal. 521; *Little Rock etc. R. R. Co.* v.
*Miles*, 13 Am. & Eng. R. R. Cas. 10, 23, 24; *Dobiecki* v.
*Sharp*, 8 Am. & Eng. R. R. Cas. 489; *Henry* v. *St. Louis etc.
R. R. Co.*, 76 Mo. 288.) It is the duty of passengers at
stations to exercise reasonable care for their own safety.
(Patterson's Railroad Accident Law, p. 259, secs. 256 et
seq., pp. 282 et seq.; *Dobiecki* v. *Sharp*, 8 Am. & Eng. R. R.
Cas. 489.) Where one goes voluntarily upon a railroad
track without keeping watch, at a point where danger
may reasonably be apprehended, he assumes all the
risks reasonably to be expected from such a course of
conduct. (*Baltimore etc. R. R. Co.* v. *Depew*, 40 Ohio St.
121; *Pittsburg etc. R. R. Co.* v. *Collins*, 87 Pa. St. 405; 30
Am. Rep. 371; *Baltimore etc. R. R. Co.* v. *Whitacre*, 35
Ohio St. 627.) That decedent was absent-minded or for-
getful is no excuse for his failure to look and listen for
the approaching train. (*Lake Shore etc. R. R. Co.* v.

*Miller*, 25 Mich. 274–291; *Baltimore etc. R. R. Co.* v. *Whitacre*, 35 Ohio St. 627–638; *Bruker* v. *Covington*, 69 Ind. 33; *Bassett* v. *Fish*, 75 N. Y. 303; *Weed* v. *Ballston Spa*, 76 N. Y. 329.) The law presumes that one having the ordinary sense of sight must have seen that which was within the range of his vision, if he gave attention and looked. (*Chicago etc. R. R. Co.* v. *Hedges*, 118 Ind. 5; *Lake Shore etc. R. R. Co.* v. *Pinchin*, 112 Ind. 592; *Cones* v. *Cincinnati etc. R. R. Co.*, 114 Ind. 328.) A person who steps in front of moving cars while he is in a state of apparent abstraction or indifference to the perils of the situation, and regardless of warnings, is negligent. (*Chicago etc. R. R. Co.* v. *Hedges*, 118 Ind. 5; *Woodard* v. *New York etc. R. R. Co.*, 106 N. Y. 369; *Daniels* v. *Staten Island etc. R. R. Co.*, 125 N. Y. 407; *Rogstad* v. *St. Paul etc. R. R. Co.*, 31 Minn. 208; *Tolman* v. *Syracuse etc. R. R. Co.*, 98 N. Y. 198; 50 Am. Rep. 649.) Where a person's own negligence is the proximate cause of damage to him, no recovery can be had. (*Trousclair* v. *Pac. Coast S. S. Co.*, 80 Cal. 521; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 137; *Esrey* v. *S. P. Co.*, 88 Cal. 399; *McQuilken* v. *Central Pac. R. R. Co.*, 50 Cal. 7; *Dufour* v. *Central Pac. R. R. Co.*, 67 Cal. 319; *Ryall* v. *Central Pac. R. R. Co.*, 76 Cal. 474.) If Holmes's negligence contributed at all to his injury, it contributed directly and proximately. (*Hearne* v. *Southern Pac. R. R. Co.*, 50 Cal. 482.) To authorize a recovery for an injury, the person injured must have exercised such reasonable care to avoid the injury as a prudent person would have exercised under like circumstances. (*Dufour* v. *Central Pac. R. R. Co.*, 67 Cal. 319; *McQuilken* v. *Central Pac. R. R. Co.*, 50 Cal. 7.) A dangerous or excessive rate of speed does not render the railroad company liable, where there is contributory negligence. (*Powell* v. *Missouri etc. R. R. Co.*, 8 Am. & Eng. R. R. Cas. 467; *Bell* v. *Hannibal etc. R. R. Co.*, 72 Mo. 50; *Vicksburg etc. R. R. Co.* v. *McGowan*, 62 Miss. 682; 52 Am. Rep. 205; *Philadelphia etc. R. R. Co.* v. *Stebbing*, 19 Am. & Eng. R. R. Cas. 36.)

DE HAVEN, J. — The plaintiff appeals from a judgment of nonsuit, and an order denying her motion for a new trial. The action is to recover damages against the defendant for its alleged negligence in causing the death of George A. Holmes, Jr., of whose estate the plaintiff is administratrix.

The evidence given upon the trial shows that defendant was, on May 19, 1889, operating a double-track railroad on Encinal Avenue, in the town of Alameda, and on that day the decedent was killed by one of its moving trains at Webster station, on that avenue or street. The station consisted of a house or shed built upon the sidewalk, and the space between the sidewalk and defendant's track was three feet in width, and the sidewalk was only two or three inches higher than the road-way between it and the railroad track. The deceased, at the time of the accident, was waiting for one of defendant's trains, intending to take passage thereon for San Francisco, and he was the holder of a ticket which entitled him to do so. While thus waiting for the train, which was soon expected, he walked up and down near the station on the road-way between the sidewalk and the railroad track, and in going one way was facing in the direction from which the expected train was to come. He had been thus walking for from five to eight minutes before the accident, and had just turned his back upon the approaching train when it came in sight of others at the station; but he continued to walk along between the sidewalk and the track, and did not look around or take any notice of the train, which was coming behind him. The bell upon the engine was kept ringing all the time as the train approached, but no alarm-whistle was sounded until the engine was within six or eight feet of the decedent. When the alarm-whistle was sounded, deceased stepped partly upon the track, and was struck by the engine. It does not appear very clearly just when the deceased was first seen by those in charge of the train, but he might have been seen by them if they had looked toward him as soon as the train

came in sight of the station, a distance of four hundred or five hundred feet. The fireman was the only one on the train who saw him, and he testified that he did not give the danger-signal to the engineer until just before the deceased was struck. When the engineer received this signal, he blew the whistle, reversed the engine, and did all that was possible to stop the train. It also appears from the evidence that deceased had good sight and hearing. The accident occurred in the daytime, and the train could have been seen by deceased in ample time for him to have escaped injury, if he had looked in the direction from which it came after it was in sight of the station, or had listened for its approach.

Upon these facts, it is clear to us that the judgment must be sustained, as the deceased, in walking where he did, in dangerous proximity to the track of defendant, without looking or listening for the approach of the train for which he was waiting, and finally stepping partly upon the track in front of the moving engine, was guilty of such contributory negligence as defeats plaintiff's right to recover in the action. Indeed, it would be difficult to imagine a clearer case of contributory negligence upon the part of a person injured than is presented by the evidence in this case.

A railroad track upon which trains are constantly run is itself a warning to any person who has reached years of discretion, and who is possessed of ordinary intelligence, that it is not safe to walk upon it, or near enough to it to be struck by a passing train, without the exercise of constant vigilance in order to be made aware of the approach of a locomotive, and thus be enabled to avoid receiving injury; and the failure of such a person, so situated with reference to the railroad track, to exercise such care and watchfulness, and to make use of all his senses, in order to avoid the danger incident to such situation, is negligence *per se*. The following are a few of many cases which might be cited to sustain this proposition: *Harlan* v. *St. Louis etc. R'y Co.*, 64 Mo. 480; on

rehearing, 65 Mo. 22; *Baltimore etc. R. R. Co.* v. *Depew*, 40 Ohio St. 121; *Kelley* v. *Hannibal etc. R. R. Co.*, 75 Mo. 138; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137.

It is argued, however, by plaintiff that the engineer of defendant was guilty of negligence in not blowing the alarm-whistle sooner, and thus giving more timely warning to deceased of his peril, and that defendant is, for this reason, liable, notwithstanding the negligence of deceased in placing himself in the dangerous position in which he was walking. If it be assumed that the deceased was actually seen by those in charge of the train before the whistle sounded, still we do not think, under the facts here appearing, that the engineer was guilty of any negligence in not sounding the alarm-whistle before he did. In addition to the noise which was made by the moving train, the usual signal of its approach was given by ringing the bell, and as the deceased was a man of mature years, and nothing to indicate that he was not able to take care of himself,— as he was in fact, — the engineer might reasonably believe that he knew of its approach, and would, in obedience to the ordinary instinct for self-preservation, move away from the track before being overtaken by the engine. (*Lake Shore etc. R. R. Co.* v. *Miller*, 25 Mich. 279.) But if it should be conceded that it was a question for the jury to determine whether the engineer, in view of all the facts shown, did exercise the proper degree of care to avoid injury to deceased, still the motion for a nonsuit was properly granted, as the question of defendant's negligence was immaterial, in view of the negligent conduct of the deceased. (*Harper* v. *Erie R'y Co.*, 32 N. J. L. 88; *Delaney* v. *Milwaukee etc. R'y Co.*, 33 Wis. 67.)

It is undoubtedly a well-settled principle of law, that even though a person has, by his own negligence, placed himself in a position of danger, it is still the duty of others who discover him in that situation to observe care in order to avoid injuring him; and it has often been held that a failure to discharge this duty will

render a defendant liable for damages resulting from such neglect of duty, notwithstanding the previous negligence of the person injured. (*Needham* v. *San Francisco and San José R. R. Co.*, 37 Cal. 409; *Meeks* v. *S. P. R. R. Co.*, 56 Cal. 513; *Davies* v. *Mann*, 10 Mees. & W. 545; *Adams* v. *Wiggins Ferry Co.*, 27 Mo. 95; 72 Am. Dec. 247; *Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 75; 3 Am. Rep. 663; *Northern Central R'y Co.* v. *State*, 29 Md. 420; 96 Am. Dec. 545.)

But the rule which permits a recovery notwithstanding some negligence on the part of the plaintiff or person injured is only properly applied in those cases where such negligence was the remote and not the proximate cause of the injury,— that is, where the negligent acts of the parties were independent of each other, the act of the person injured preceding that of the defendant. (*O'Brien* v. *McGlinchy*, 68 Me. 552; 2 Thompson on Negligence, 1157; *Murphy* v. *Deane*, 101 Mass. 455.)

In the case of *O'Brien* v. *McGlinchy*, 68 Me. 552, just cited, the supreme court of Maine say: "But in cases falling within the foregoing description, where the negligent acts of the parties are distinct and independent of each other, the act of the plaintiff preceding that of the defendant, it is considered that the plaintiff's conduct does not contribute to produce the injury, if, notwithstanding his negligence, the injury could have been avoided by the use of ordinary care at the time by the defendant. This rule applies usually in cases where the plaintiff or his property is in some position of danger from a threatened contact with some agency under the control of the defendant, *when the plaintiff cannot, and the defendant can, prevent the injury.* . . . . But this principle cannot govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness an injury ensues to one or both of them."

This, we think, may be regarded as a correct statement of the law upon this point, and as furnishing a clear and definite rule by which to determine in any

case whether or not the negligence of the person injured may be said, in a legal sense, to have contributed to such injury; and when we apply this rule to the case here, it is at once seen that, even if it should be conceded that there was negligence upon the part of the defendant in its management of the train at the time of and just preceding the accident, still the plaintiff would not be entitled to recover, as such accident could not have occurred without the concurrent and active negligence of the deceased at the time. The defendant was not the only one who could have prevented the accident, but, on the contrary, if the deceased had himself used ordinary care at the time, he could not possibly have been harmed by defendant's locomotive, which was confined to the narrow track upon which it ran. Up to the very moment that he was struck by the engine, it was within his power to escape the injury which he received by simply moving to a place of safety upon the sidewalk, and he would have realized the necessity for such action on his part but for his own negligence at the time in not looking or listening for the approach of the train.

The court did not err in sustaining the objection to the offer of plaintiff to show that, with the exception of this particular road, it is the "universal" custom in the operation of double-track railroads to run trains upon the right-hand track. It seems that the defendant ran its trains upon the left-hand track at the time and place of the accident, and had been doing so for two years, and it is argued by plaintiff that this offered evidence would have a tendency to show that deceased was not negligent in being near the track where he was hurt, and in not watching for the train, as he may have thought it would come upon the other track. The fact thus sought to be proven was clearly irrelevant. The road had been operated in the same manner as upon the day of the accident for the two years preceding, and the liability of defendant in this action cannot be made to depend upon the question whether deceased

did or did not know of the way in which it operated its road.

Judgment and order affirmed.

McFARLAND, J., GAROUTTE, J., PATERSON, J., HARRISON, J., and BEATTY, C. J., concurred.

Rehearing denied.