[No. 15440.    Department One.—August 15, 1894.]

## NANNIE ESREY, RESPONDENT, v. SOUTHERN PACIFIC COMPANY, APPELLANT.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—RECKLESSNESS OF DEFENDANT.—In an action for negligence against a railroad company, where it appears that the plaintiff by her own negligence placed herself in a position of danger, but defendant was aware of her danger, and did not exercise ordinary care to protect her, the right of the plaintiff is not barred by contributory negligence, but the law gives to the injured person a right of action, based upon the principle that a failure to exercise ordinary care by a defendant under such circumstances amounts to a degree of reckless conduct that may be termed willful and wanton; and when an act is willfully and wantonly done, contributory negligence upon the part of the person injured is not an element which will defeat a recovery.

ID.—OPPORTUNITY OF AVOIDING ACCIDENT.—The party who last had a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for the injury.

ID.—WANTONNESS OF EMPLOYEES OF DEFENDANT—QUESTION OF FACT.—The question of the wantonness and willfulness of the act of the defendant in moving the train when the plaintiff was seen to be in a position of danger, is a question of fact, which the jury are justified in finding against the defendant.

ID.—RECKLESS ACT—WANTONNESS.—To commit an act recklessly is to commit it wantonly.

ID.—AMENDMENT OF COMPLAINT—WANT OF NEGLIGENCE—STATUTE OF LIMITATIONS.—The amendment of a complaint, in an action of negligence, so as to charge the acts of the defendant to have been willfully and wantonly done, for the purpose of avoiding the contributory negligence of the plaintiff, the gist of the action being a claim of actual damages for personal injuries inflicted by the moving cars of the defendant, does not alter the cause of action, and the statute of limitations does not run against it until the date of the amended complaint, but only to the date of the commencement of the action.

Id.—Law of Case—Decision Upon Former Appeal—Change of Facts.
Where, upon a former appeal, the evidence was considered in the light
of the case then before the court, and upon a new trial a different state
of facts appeared under an amended complaint, the decision upon the
former appeal is not the law of the case, and the court is not called
upon to compare the evidence disclosed by the record upon the second
appeal with the evidence disclosed by the record upon the former
appeal.

Appeal from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Foshay Walker*, for Appellant.

The supreme court has settled it, as the law of the case, that plaintiff was guilty of contributory negligence. (See *Esrey* v. *Southern Pac. Co.*, 88 Cal. 399.) The amended complaint stated a new cause of action, and such action was barred by the statute of limitations. (Code Civ. Proc., sec. 339, subd. 1; *Esrey* v. *Southern Pac. Co.*, 88 Cal. 399; 16 Am. & Eng. Ency. of Law, 389–92 et seq.; *Anderson* v. *Mayers*, 50 Cal. 525; *Atkinson* v. *Amador etc. Co.*, 53 Cal. 102; *Meeks* v. *Southern Pac. R. R. Co.*, 61 Cal. 149; *Henderson* v. *Kissam*, 8 Tex. 46; *Williams* v. *Randon*, 10 Tex. 74; *Ayres* v. *Cayce*, 10 Tex. 99; *Crofford* v. *Cothran*, 2 Sneed, 492.)

*Bradley & Farnsworth*, and *Justin Jacobs*, for Respondent.

A person in time of imminent danger is not negligent because he does not take every precaution that a careful calculation afterwards will show he might have taken. (*Karr* v. *Parks*, 40 Cal. 188; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 421; *O'Callaghan* v. *Bode*, 84 Cal. 494.) Contributory negligence of the plaintiff will not prevent recovery if such negligence be known to the party causing the injury, and he could have avoided the injury by the use of reasonable care. (*Romick* v. *Chicago etc. Ry. Co.*, 62 Iowa, 167; Cooley on Torts, 1st ed., 674; *Richmond* v. *Sacramento etc. R. R. Co.*, 18 Cal. 351;

*Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 423; *Williams* v. *Southern Pac. R. R. Co.*, 72 Cal. 120.)   The act of starting the train, knowing the plaintiff was in a dangerous position, was willful and wanton negligence; at least, it indicated that degree of indifference to the rights of others which may justly be characterized as recklessness, and, therefore, the doctrine of contributory negligence does not apply.   (Cooley on Torts, 1st ed., 674; *Kline* v. *Central Pac. R. R. Co.*, 37 Cal. 406; 99 Am. Dec. 282; *Flynn* v. *San Francisco etc. R. R. Co.*, 40 Cal. 14; 6 Am. Rep. 595; *Seigel* v. *Eisen*, 41 Cal. 109; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 423; *Fernandes* v. *Sacramento R. R. Co.*, 52 Cal. 45; *Meeks* v. *Southern Pac. R. R. Co.*, 56 Cal. 513; 38 Am. Rep. 67; *Tennenbrock* v. *Southern Pac. R. R. Co.*, 59 Cal. 271; *Strong* v. *Sacramento etc. R. R. Co.*, 61 Cal. 326; *Nehrbas* v. *Central Pac. R. R. Co.*, 62 Cal. 320; *McQuilken* v. *Central Pac. R. R. Co.*, 64 Cal. 463; *Dufour* v. *Central Pac. R. R. Co.*, 67 Cal. 319; *Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 409; *Williams* v. *Southern Pac. R. R. Co.*, 72 Cal. 127.)   Whether the plaintiff was guilty of such contributory negligence as should defeat her recovery, and whether defendant was guilty of wanton recklessness, was properly left to the jury.   (Field on Damages, 181; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447; *Fernandes* v. *Sacramento R. R. Co.*, 52 Cal. 45; *Jamison* v. *San Jose etc. R. R. Co.*, 55 Cal. 593; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 294; *Nehrbas* v. *Central Pac. R. R. Co.*, 62 Cal. 320; *Seigel* v. *Eisen*, 41 Cal. 109.)

GAROUTTE, J.—Plaintiff recovered a judgment for damages against defendant for personal injuries sustained by being struck by a moving car of defendant. Defendant has appealed from the judgment and order denying a motion for a new trial.   The case has once been before the court (88 Cal. 399), and a detailed statement of the facts may there be found.

For our present purposes the following facts, as testified to by plaintiff, are deemed material: Upon attempt-

ing to leave the depot grounds of defendant, and with a
view of going around the end of the depot platform,
plaintiff crossed the railroad track, and thereupon
found herself between the outside rail of the track and
the platform of the depot, which platform was about
five feet in height; and the width of this intervening
space was about three feet.   At this moment of time a
train came backing toward her, composed of flatcars,
which prevented her going further, and for her own
safety she stood against the side of the platform, with
the object of allowing the cars to pass by.   The original
width of this space being but three feet, and the cars
extending some distance outside and beyond the track,
it is apparent that she at this time was in such close
quarters as to be not only in an unpleasant position,
but it may be said a dangerous one.   And it will be
further conceded that she found herself in that posi-
tion by reason of her own thoughtlessness and want
of care.   One or more cars passed her at this time, and
there is no question but that the two brakemen, and
possibly the engineer and fireman, saw her standing in
this position.   The train was backed a short distance
beyond the point where she stood, when it stopped a
moment, a box-car was attached thereto, and it then
started to retrace its course.   When the box-car came
to the point where plaintiff was standing, it being wider
than the flatcars, and leaving a space next to the plat-
form of not more than fourteen inches, it inevitably
struck her, and the injury resulted.

Upon the foregoing state of facts we think the jury
entirely justified in finding a verdict in favor of plaintiff.
By her own negligence she placed herself in a position
of danger, but defendant was aware of her danger and
did not exercise ordinary care to protect her from the
danger that surrounded her.   Under these conditions
the law gives the injured person a right of action.
This right of action is based upon the principle that a
failure to exercise ordinary care by a defendant under
such circumstances amounts to a degree of reckless con-

duct that may well be termed willful and wanton; and when an act is done willfully and wantonly, contributory negligence upon the part of the person injured is not an element which will defeat a recovery. Some text-writers and courts declare the same principle in another form, by holding that under these circumstances the contributory negligence of the party injured is not the proximate cause of the injury, but that the negligence of the defendant, being the later negligence, is the sole proximate cause. As has been said by one of our law reviews: "The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible." As fully sustaining these general principles, see Shearman and Redfield on Negligence, sec. 99; Cooley on Torts, 674; *Romick* v. *Chicago etc. R. R. Co.*, 62 Iowa, 167; *Williams* v. *Southern Pac. R. R. Co.*, 72 Cal. 120; *Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 409; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 423; *Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 161.

In addition to the foregoing statement of facts, it further appears that, after plaintiff had been struck by the car and had thrown herself upon the ground to save her life, the brakeman saw her in this most dangerous position, and instead of stopping the train and removing her from still greater threatened calamities, he gave an additional signal to the engineer to proceed, and the train moved on, plaintiff remaining in this dangerous position. Even though the employees were not aware at this time that she had been injured by the car, we think, taking this circumstance into consideration, in connection with all the other circumstances, the question as to the wantonness and willfulness of the employees' acts in moving the train was a question of fact, which the jury were well justified in finding against the defendant. To commit an act recklessly is to commit it wantonly, and in this case the manner in which this train was moved after the box-car was attached, the employees knowing the

dangerous position of the plaintiff at the time, indicated such a spirit of reckless indifference on their part toward the plaintiff's safety, that the jury were justified in saying that their act was willful and wanton; and it was a most fortunate circumstance that plaintiff's life was not the forfeit of defendant's conduct.

In view of the suggestion of the court made at the time the case was previously before us, the plaintiff prior to the present trial in the court below amended her complaint, by charging the acts of the defendant to have been willfully and wantonly done. Conceding this form of allegation necessary to support the judgment—and the law of the case would seem to so declare—still we do not think the cause of action has been materially altered by the amendment, and consequently the plea of the statute of limitations is not well taken. The amendment pertains wholly to the manner in which the injury was inflicted, and actual damage is all that is sought to be recovered. The gist of the action is a claim of actual damages for personal injuries inflicted by defendant's moving cars, and these are the facts found stated in the original complaint. Appellant, to support its contention, relies upon various cases cited from the later Indiana reports. The courts of that state, in declaring the law upon this question, have drawn the lines very closely around the injured party, and have declared the law against him in cases where we think the better doctrine, and the one most generally approved, would have declared in his favor. In this state the principle recognized and adopted does not go to the lengths found in the language of those decisions. And the case of *Louisville etc. Ry. Co.* v. *Bryan,* 107 Ind. 51, seems to state the rule more liberally in favor of a plaintiff seeking to recover for personal injuries upon the present lines than has been done by other Indiana cases preceding it.

The appeal from the order denying the motion for a new trial has been heretofore dismissed, and as a result it will not be necessary to consider some of the

questions discussed in appellant's original brief.   But
regardless of the claim upon the part of the respond-
ent that the evidence cannot be considered upon this
appeal, as will be observed, we have carefully consid-
ered it.   We think the motion for a nonsuit was prop-
erly denied, and that there is no valid objection to the
law given to the jury.

Whatever may have been said by the court in the
former appeal, as to the character and weight of evi-
dence, was said expressly in view of the fact that the
willfulness and wantonness of the acts of defendant
were not matters before the court; and for these reasons
we are not called upon to compare the evidence dis-
closed by the record in that case with the evidence now
before us, for the purpose of showing any existing dif-
ferences therein, and thus avoiding the binding effect
of the principle of the law of the case.   It is conclu-
sively shown that the evidence was considered in the
light of the complaint then before the court, and in
that light alone, when we look to the language of the
opinion.   It is there said: "But the defendant's em-
ployees saw her in time to have avoided the accident,
and hence were bound to use care.   The brakeman
ought to have stopped the train, and, if necessary, com-
pelled her to get out of harm's way."   If such was the
duty of the brakemen (and we have no doubt of it) the
defendant was liable in damages for a violation of that
duty; for the brakemen did not stop the train and allow
or compel the plaintiff to remove from her dangerous
situation.   And the language used by the learned com-
missioner indicates that if the complaint had been
sufficiently broad in its allegations the judgment would
not have been reversed.

For the foregoing reasons the judgment is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.