[S. F. No. 1590. In Bank.—December 31, 1901.]

W. M. LEE, Respondent, v. MARKET STREET RAILWAY COMPANY, Appellant.

Negligence—Contributory Negligence—Injury at Street Crossing —Collision with Electric Car—Duty to Avoid Injury.—One who last has a clear opportunity to avoid injuring another must do so. Where an electric car was moving at an unusual rate of speed, and sounded no gong or alarm-bell at the crossing where the plaintiff was injured, if it had an opportunity to avoid the injury after the plaintiff undertook to pass the crossing, it was bound to do so, notwithstanding the intervening contributory negligence of the plaintiff, and is liable for the injury.

Id.—Question for Jury—Support of Verdict.—Where there was evidence tending to show that the motorman of the car had his at-

tention directed to the danger of the plaintiff by a passenger upon the car, and did not attempt to stop the car, but satisfied himself with shouting to the plaintiff to get out of the way, it was a question for the jury whether the car could have avoided the accident with ordinary care. A verdict for the plaintiff is a finding that the jury did not believe that defendant's employees exercised proper care after discovery of plaintiff's situation, and is sufficiently supported.

Id.—Instructions at Defendant's Request—Pleading.—Where the court instructed the jury, at defendant's own request, that contributory negligence defeats a recovery, unless with exercise of ordinary care after the discovery of plaintiff's peril it could have avoided the injury complained of, and unless they also found that its action in the premises was wanton and reckless, the defendant could not complain that because the complaint failed to allege that the defendant acted willfully or wantonly the instructions were improper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, G. W. Baker, and C. Michener, for Appellant.

Tirey L. Ford, and William M. Abbott, for Respondent.

HENSHAW, J.—This action was brought to recover damages for personal injuries sustained by plaintiff. A verdict was given in his favor, judgment in due course followed, and from that judgment and from the order denying defendant a new trial it appeals.

Upon the evening of September 8, 1897, plaintiff attempted to cross Kearny Street in the block between Jackson and Washington streets. While upon the track of the street railroad he was struck by an electric car approaching from Washington Street, and sustained the injuries complained of, the most serious of which was a crushed foot, necessitating amputation. Although the accident occurred in the evening, the street was brilliantly lighted and objects were plainly discernible. The car in question could have been seen, and was seen, from a distance of more than one hundred feet from the place of the accident. It must be taken as proved to the satisfaction of the jury that the car was moving at an unusual rate of speed and was sounding no gong nor alarm-bell.

But it is strenuously argued by appellant that, conceding it to have been negligent in its operation of the car, none the less the plaintiff himself was guilty of contributory negligence, barring his right of recovery. Upon this plaintiff's own testimony is, that having been standing upon the curbstone, he looked up and down the street before he adventured the crossing; and he further testifies: "All that I know about the accident is, that I was struck and my foot was mangled. I know that the car was right on me; and I know that some man hollered in the car. I do not know where the man was who hollered at me. I supposed he was in the car. The sound was right at me when I heard it." That a man, under these circumstances, should thus heedlessly cross a public street in the middle of a block, and know nothing of the approach of a street-car until the moment when it struck him, is a demonstration of carelessness and negligence so complete as to require no comment. Were this the whole of the matter, it would be clear that by his own conduct plaintiff had forfeited his right to a recovery. But there is a further principle firmly established in this state, that one having an opportunity by the exercise of proper care to avoid injuring another, must do so, notwithstanding the latter has placed himself in a situation of danger by his own negligence (*Fox* v. *Oakland Consolidated St. Ry. Co.,* 118 Cal. 55[1]); or, as the principle was stated in another form, in *Esrey* v. *Southern Pacific Co.,* 103 Cal. 541: "He who last has a clear opportunity of avoiding the accident by the exercise of proper care to avoid injuring another, must do so." As Beach well puts it (Contributory Negligence, sec. 50): "The real issue is not whose negligence came first or last, but whose negligence, however it came, was the proximate cause." The motorman testified that he was some fourteen feet from the place of the accident when he discovered the plaintiff approaching the track. He did not then think that the man would attempt to make the crossing. Witness was standing with the brake in one hand and the bell-strap in the other, and, as he came nearer, saw that the man was about to step upon the track. "I jerked the bell down and the brake at the same time, and as I jerked the bell down, I hollered, 'Look out,' and I reached over for the reverse. As I got hold of the

[1] 62 Am. St. Rep. 216.

reverse, I just gave the brake also a little slack to let the wheels slip back when I put the reverse into it. By the time I got the reverse and brake on, he was within two feet of the front of the car. I was going about six and a half miles an hour. I did everything that was possible to do to avoid the accident.'' But against this testimony was that introduced by the plaintiff's witnesses, that the car was coming at a high and unusual rate of speed; that the attention of the motorman was directed to the plaintiff by a passenger upon the car, and that when so directed he did not attempt to stop his car, but satisfied himself with shouting, ''Look out,'' or ''Get out of the way''; that the speed of the car was not promptly checked upon discovery of the perilous situation of plaintiff. Here, then, was enough to warrant the submission to the jury of the question whether or not the defendant exercised ordinary care after discovery of plaintiff's situation of peril. If it did not, then, notwithstanding the negligence of plaintiff, it was liable. The verdict of the jury is a finding to the effect that they did not believe that defendant's employees exercised proper care after discovery of plaintiff's situation.

The appellant complains that, as there was no allegation in the complaint that any act on the part of the defendant was willfully or wantonly done, instructions to the jury upon the matter were improper and harmful; but, at defendant's own request, the jury were instructed that contributory negligence defeats a recovery, ''unless in the exercise of ordinary care after the discovery of plaintiff's peril they could have avoided the injury complained of,'' and ''unless you also find that their action in the premises was wanton and reckless.'' (*Illinois Trust etc. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285; *Rudel* v. *Los Angeles Co.*, 118 Cal. 281; *Avakian* v. *Noble*, 121 Cal. 216.) Other objections are made by appellant to the instructions given and refused by the court. We find no just cause of complaint. The law covering their deliberations was quite fully and accurately presented to the jury.

The judgment and order appealed from are therefore affirmed.

Temple, J., Van Dyke, J., and Harrison, J., concurred.

Garoutte, J., concurred in the judgment.

BEATTY, C. J., concurring.—I concur.  There was, as
shown by the opinion of Justice Henshaw, some evidence in
this case upon which the jury may have found that the motor-
man could have prevented the accident by making proper
use of the means in his power, as soon as he became aware
that plaintiff was walking heedlessly into danger, and, there-
fore, under the rule settled by a long series of decisions here,
we cannot set aside that implied finding upon the ground
that it is unsupported by the evidence.  I feel constrained
to say, however, that the preponderance of the evidence
against the plaintiff on this point is so great as to make it
difficult to assume that it was the real basis of the verdict.

McFARLAND, J., dissenting.—I am not able to concur in
the judgment of affirmance.  I think that the admitted con-
tributory negligence of the respondent prevents his recovery
in this action.

No one disputes the old and fundamental rule that no one
can recover damages for personal injuries which were in part
caused by his own negligence, although the negligence of the
party sued may also have contributed to the injury.  This
rule has been slightly modified in this state, and a few excep-
tions to its absoluteness have been allowed; but none of the
allowed exceptions include, in my opinion, the case at bar.
The first and leading case here which opened the door to any
modifications of the rule is *Needham* v. *San Francisco etc. R. R.
Co.*, 37 Cal. 409, in which the law on the subject, as it had
been uniformly declared by the highest courts of New York,
was expressly departed from.  But the doctrine announced in
*Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 409, was put
entirely on the declared distinction "between cases of prox-
imate and remote negligence on the part of plaintiff,"—that
is, where the negligence of plaintiff contributed only remotely
to the injury, while the negligence of the defendant was the
proximate cause of the injury, there the latter is liable, not-
withstanding the negligence of the former.   Sanderson,
J., delivering the opinion of the court, quotes approvingly
from the supreme court of Vermont, as follows: "When
there has been mutual negligence, and the negligence of
each party was the proximate cause of the injury, no ac-
tion whatever can be sustained.   In the use of the words

'proximate cause,' is meant negligence at the time the injury happened." Now, in the case at bar, it cannot be questioned that the negligence of plaintiff contributed approximately to the injury,—that is, his negligence was at the very instant of the "time the injury happened." It is, therefore, not within *Needham* v. *San Francisco etc. R. R. Co.,* 37 Cal. 409, where the negligence of the plaintiff consisted in the fact that, at a time long prior to the accident, and at a place far distant from the place of the accident, he had negligently allowed the horse injured to escape from his pasture and stray on to the railroad. The other cases relied on by respondent are mostly cases where young children were injured, and the remote negligence was that of their parents, who had previously to the injury allowed the children to play near the railroad. The case most strongly in favor of respondent is *Esrey* v. *Southern Pacific Co.,* 103 Cal. 541, decided in Department; but in that case the negligence of plaintiff, if it could be called negligence, was very slight, and the conduct of those in charge of the train which injured her was reckless, willful, and wanton in the highest degree. The slightest care on their part would have prevented the injury. The case at bar is, in my opinion, clearly within the settled rule that one guilty of contributory negligence cannot recover.

Hearing in Bank denied.