[Civ. No. 226.  Second Appellate District.—June 23, 1906.]

HENRIETTA J. ROWE, Administratrix, etc., Appellant, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Respondent.

ACTION FOR DEATH—CONTRIBUTORY NEGLIGENCE—STEPPING IN FRONT OF TRAIN—WARNING—ABSENCE OF WANTON NEGLIGENCE—NONSUIT.— In an action for death of a foot-passenger who stepped upon the track in front of a railroad train, where it appears that the engineer used diligence to warn him, and tried without avail to stop the train after seeing his peril, the railroad company cannot be charged with wanton negligence, and, as matter of law, the contributory negligence of the deceased appears to have been the proximate cause of his death, and a nonsuit was properly granted.

ID.—DOCTRINE OF LAST CLEAR OPPORTUNITY—NOTICE OF PERIL.—The doctrine which makes a personal injury the fault of him who has the last clear opportunity to prevent it has coupled with it and in it the element of notice; and the defendant is not liable merely becausee it ought to have known, where its engineer had no notice of any physical defect of hearing or absent-mindedness on the part of the deceased, or that he was going to disregard all warnings and actually advance upon the track in front of the train, until it was too late to avoid the killing by stopping the train.

ID.—POWER TO PREVENT INJURY—CIRCUMSTANCES ATTENDING LAST OPPORTUNITY.—Another element of the rule as to the last clear op-

4 Cal. App.—1

portunity is that the circumstances must be such, and must appear to the party to be charged to be such, that the deceased cannot and the defendant can prevent the injury. This principle does not govern where both parties are contemporaneously and actively in fault, and by their mutual carelessness the injury ensues.

Id.—Performance of Duty by Engineer.—Where the engineer believed that the deceased would not ignore the repeated warnings given to him to avoid the train, until it was too late to prevent striking him, and the instant he realized that those warnings were ineffective, did his best to stop the train, he performed all the duty that the law required.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Henry M. Willis, for Appellant.

L. J. Norton, and E. E. Milliken, for Respondent.

GRAY, P. J.—This action is brought by plaintiff to recover damages from defendant for the alleged negligent killing of plaintiff's husband by one of defendant's passenger trains at a street crossing in the city of San Bernardino. At the conclusion of plaintiff's evidence, defendant's motion for a nonsuit was granted. The plaintiff appeals from the judgment which followed.

The only question presented arises upon the order granting the nonsuit. It is contended by appellant that, while the negligence of the deceased must be admitted to have contributed to his death, yet the defendant's engineer had notice of the negligence of the deceased in time to have avoided the killing if he had used proper care and stopped the train. The facts of the case are in many respects similar to the facts in the case of *Green* v. *Los Angeles Terminal Ry. Co.*, 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719], and may be briefly stated as follows:

The deceased was approaching the defendant's track from the west on the sidewalk which traversed the south side of the street. The defendant's locomotive with a train of cars attached was approaching from the northwest, the same point to which the deceased was going, at an angle of about forty-

five degrees with the course deceased was traveling. The speed of the train was five or six miles an hour, and as it was approaching the deceased, partially from behind and to the left, it could not be seen readily by him unless he turned his head. This was in the evening, nearly dark. An oil lamp was burning in the headlight of the locomotive. The engineer, leaning out the window from the right-hand side of his cab, saw deceased passing along the south sidewalk, while the engineer was still north of the street. He observed that deceased was walking slowly and without any attention to his surroundings, and for the purpose of attracting his attention he blew three or four quick blasts upon his locomotive whistle. He then called to the deceased in a loud voice, "Look out there!" and seeing that the deceased still paid no attention he immediately turned on the whistle again, at the same time setting the air-brakes; but it was then impossible for the engineer to prevent a collision. The deceased unheedingly stepped immediately before or into the cowcatcher. Both his legs were broken between the ankles and knees, and he was thrown back from the track upon the same side from which he approached. A day or two later he died. After the brakes were set, the locomotive and train were brought to a stop in about thirty feet. The engine bell was kept ringing from the time the deceased was first seen by the engineer. The deceased held the office of constable in the township where he was killed. He was habitually given to spells of abstraction and absent-mindedness, and was partially deaf in the left ear (the one nearest the approaching locomotive). These physical defects were not known by the engineer.

The contributory negligence of deceased is conceded by appellant, and the complaint is framed and the trial proceeded on the theory that the recovery must be had, if at all, for the gross and wanton negligence of defendant's engineer. This gross and wanton negligence is alleged to consist in his not having stopped the train in time to avoid striking the deceased. We cannot agree with this. The engineer evinced no wanton desire to injure deceased, nor is there any evidence of a reckless disregard on his part of the safety of the deceased. The very contrary of this clearly appears from the undisputed evidence. He promptly resorted to and industriously persisted in all those means which are usually

effective to call an absent-minded man to his senses, and this is all that the rule in such cases requires.   When he sees that a person is walking into danger he must use ordinary care to warn him of such danger and prevent the injury.   The engineer had no notice that deceased was going to disregard all his warnings until he had given the warnings, and it was then too late to make the stopping of the train effective to avoid the killing.   This was not the engineer's fault, but the fault of deceased arising from his physical defects which the engineer knew nothing about.   The doctrine which makes a personal injury the fault of him who has the last clear opportunity to prevent it, has coupled with it, and in it, the element of notice.   And "under this rule a defendant is not liable because he ought to have known." (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651].)   Here the engineer had no notice and no reasonable ground to think that it was necessary to stop his train to avoid running over deceased, until it was too late to do so.   After he discovered that he must stop his train or kill a man he had no clear opportunity to do it.   Up to this time it would have been something beyond ordinary care for him to stop his train; it would have been extraordinary care.   Trains are not ordinarily stopped or even held stationary to allow people on foot to pass in front of them.   Another element of the rule with which we are here concerned is that circumstances must be such, and must appear to the party to be charged to be such, "that the deceased cannot and the defendant can prevent the injury."   "This principle cannot govern where both parties are contemporaneously and actively in fault and by their mutual carelessness an injury ensues to one or both of them." (*Holmes* v. *South. Pac. C. Ry. Co.*, 97 Cal. 169, [31 Pac. 834].)

If we were to concede that the engineer was negligent in not bringing the train to a standstill when he first saw the decedent, still the plaintiff could not recover because of the fact that decedent was in no danger so long as he did not step upon the track.   *He brought himself into a position of immediate danger by so stepping upon the track, and this was the proximate and immediate cause of his injury* and the previous failure to stop the train had only a remote connection therewith.   To be sure, if the train had been stopped in time the injury would not have happened; this is so, however, not because the engineer would have thus refrained

from injuring the deceased, but because he would have thus prevented the deceased. from injuring himself by walking into the pilot of the moving locomotive. It is not a reasonable deduction from the conduct of the engineer to say that he did know or should have known from the conduct of deceased, immediately on the sounding of the whistle the first time, that he was going to thereafter walk upon the track heedless of all further warning. It is fair, however, to say that the engineer never for a moment thought that deceased was going finally to ignore the several warnings given him during that short few seconds of time until it was too late to prevent striking him, and the instant that he realized that those warnings were ineffective he did his best to stop the train. This is all the law requires. (*Green* v. *Los Angeles etc. Ry. Co.*, 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719].) Even under the dissenting opinion of the chief justice in the Green case and the principles therein laid down the plaintiff herein should not recover, for it is plain that the dissent of the chief justice was largely influenced by the excessive speed of the train and the absence of all warning of its approach.

The appellant cites many cases from this and other states; some of the latter support her position, but we think them in principle at variance with the decisions of our own supreme court. In this state no case has gone to the extent of sustaining a recovery where, as here, the injury was the immediate, if not the sole, result of the negligence of the party injured. The case of *Esrey* v. *Southern Pacific Co.*, 103 Cal. 544, [37 Pac. 500], is a fair illustration of the California cases on this question; but in that case the injured party was not only in a place of danger to the knowledge of the brakeman, but unable to extricate herself, at the time the signal was given to start the train. The strongest case cited by appellant is *Lee* v. *Market St. Ry. Co.*, 135 Cal. 293, [67 Pac. 765]. This, however, was a street-car case, and in the nature of things there is a difference between that and a steam railway case. A street-car is more readily brought to a standstill than a heavy train; besides, a street-car must necessarily be frequently operated among great masses of people. The supreme court has recognized this distinction. (*Clark* v. *Bennett*, 123 Cal. 278, [55 Pac. 908].) Moreover, in the Lee case it was shown that the car was going at a high and ''unusual rate of speed and sounding no gong nor alarm bell'';

and that the motorman's attention was called by a passenger to the dangerous position of plaintiff. For these reasons, the case is not analogous to the one before us.

Unless we are to hold that contributory negligence is never a question of law, but always a question of fact for the jury, we must hold in this case, as a matter of law, that the injury was shown to be the direct and proximate result of the negligence of the deceased, and that the trial court was warranted in granting the nonsuit.

The judgment is affirmed.

Allen, J., concurred.

SMITH, J., Concurring.—I concur in the judgment of affirmance. It appears clearly from the evidence that if the defendant's engineer, at the time he hallooed at the plaintiff, had put on the brakes instead of hallooing, the accident would not have occurred. The evidence was also of such a character as would have justified the jury in finding: That at this point of time the plaintiff was unaware of the approach of the train, and that the engineer knew of this fact and that plaintiff was about to step in front of the engine. On this appeal, therefore, which is from a judgment of nonsuit, these facts must be assumed as established. The sole question in the case, then, is whether the engineer, being aware of the inevitability of the accident unless he stopped the train, was guilty of such negligence as to bring the case within the doctrine that, "the party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible." (*Esrey* v. *Southern Pacific Co.*, 103 Cal. 545, [37 Pac. 500].)

The doctrine in question, as above and elsewhere expressed, is susceptible of two interpretations: The one is that the doctrine will apply only to cases where the negligence of the injured party is wholly antecedent to the negligence of the party causing the accident; and hence that where the negligence of the injured party is continued up to the time of the accident, it will not apply if there be a physical possibility for him to escape. The other is, that it will apply even to cases where the negligence of the injured party continues up to the time of the accident, if it be known to the other party that he is unaware of his danger and that the accident will

inevitably occur.   The former doctrine is asserted in the following, and some other cases: *Holmes* v. *South. Pac. C. Ry. Co.,* 97 Cal. 169, [31 Pac. 834]; *Everett* v. *Los Angeles Ry. Co.,* 115 Cal. 119, [43 Pac. 207, 46 Pac. 889]; *Green* v. *Los Angeles Terminal Ry. Co.,* 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719].   The latter is expressed in the opinion of the dissenting judges in *Everett* v. *Los Angeles Ry. Co.,* 115 Cal. 111, [42 Pac. 207, 46 Pac. 889], and in *Herbert* v. *Southern Pacific Co.,* 121 Cal. 232, [53 Pac. 621], and *Lee* v. *Market St. Ry. Co.,* 135 Cal. 293, [67 Pac. 765].   In *Esrey* v. *Southern Pacific Co.,* 103 Cal. 545, [37 Pac. 500], as in *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514, [98 Am. St. Rep. 85, 74 Pac. 15], the case was one in which, after the danger became imminent, there was a physical impossibility for the plaintiff to escape, but the language of the court seems to accord with the more liberal doctrine.   The preponderance of authority would, therefore, seem to have been in favor of the more liberal application of the doctrine, prior to the decision in *Green* v. *Los Angeles Terminal Ry. Co.,* 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719]; but that case seems to be in conflict with this view, and upon its authority I feel constrained to concur in the conclusion of my associates.

I do not, however, concur, altogether, in the view that the doctrine of last opportunity can apply only where there is "gross and wanton negligence" on the part of the engineer, or "a reckless disregard on his part", of the safety of the deceased.   This proposition is true only in a qualified sense. But the term "ordinary care," as applied to the engineer on a train in an emergency, means the ordinary care of competent men in that position, and cannot be regarded as anything less than great care (*Henderson* v. *Los Angeles Traction Co.,* 150 Cal. 689, [89 Pac. 976]); and, as has been expressed in several cases, the failure to exercise such care by a defendant may be regarded as amounting "to a degree of reckless conduct that may well be termed willful and wanton."   (*Esrey* v. *Southern Pacific Co.,* 103 Cal. 544, 545, [37 Pac. 500]; *Everett* v. *Los Angeles Ry. Co.,* 115 Cal. 114, [43 Pac. 207, 46 Pac. 889].)