JAMES W. ROBERTS, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

**Kansas City Court of Appeals.    October 7, 1912.**

1. **NEGLIGENCE: Trespasser.** A person who obtains a free passage from an engineer and rides on the back of the engine, even though directed to do so, is a trespasser, and entitled only to demand that he be not wilfully and recklessly injured.

2. ———: **Ordinary Care.** The failure to exercise ordinary care, after it is discovered that a person is in peril, amounts to a

degree of reckless conduct that may well be termed willful and wanton.

3. ——: ——: It is not negligence to stop a train suddenly, with jars more or less severe, as they are ordinary incidents to the movements of the trains.

Appeal from Jackson Circuit Court.—*Hon. James A. Goodrich,* Judge.

AFFIRMED.

*Horace Kimbrell* and *Martin J. O'Donnell* for appellant.

(1) The court erred in granting a new trial on the ground that it should have instructed the jury that defendant owed plaintiff no duty except not to wilfully and recklessly injure him after becoming aware that he was in peril for the reason that the laws of California and Missouri are exactly similar on the measure of duty owing to a person discovered to be in peril and that duty is to exercise ordinary care to avoid injury to such person after discovery or knowledge of the peril. Esrey v. Railroad, 103 Cal. 544; Everett v. Railroad, 214 Mo. 54; Cole v. Railroad, 121 Mo. App. 612; Henderson v. Railroad, 89 Pac. 980; Harrington v. Railroad, 140 Cal. 514; Sauger v. Brewing Co., 84 Pac. 428; Ford v. Railroad, 50 Pac. 27; Lee v. Railroad, 67 Pac. 765, 766; Kram v. Railroad, 86 Pac. 904; Anderson v. Railroad, 99 Pac. 98; Everett v. Railroad, 46 Pac. 891; Herbert v. Railroad, 53 Pac. 652; Sego v. Railroad, 70 Pac. 280; Green v. Railroad, 76 Pac. 722-23-30; Bennichesen v. Railroad, 84 Pac. 421; Kram v. Railroad, 86 Pac. 742; Rowe v. Railroad, 87 Pac. 221-22; Cordiner v. Traction Co., 91 Pac. 438; Doherty v. Navigation Co., 91 Pac. 421; Ruppel v. Railroad, 101 Pac. 805; Spear v. Railroad, 117 Pac. 966. (2) The trial court erred in holding that under the decisions of the California courts the

only duty owing to plaintiff was not to willfully and wantonly injure him and in holding that it was necessary to show that the act causing plaintiff's injury was intentionally, wantonly and willfully as well as carelessly and negligently done.   Kram v. Railroad, 86 Pac. 904; Henderson v. Railway, 89 Pac. 980; Richmond v. Railroad, 18 Cal. 351; Lynch v. Nurdin, 1 A. & E. N. S. 30; Buck v. Railroad, 46 Mo. App. 566; Holmes v. Railroad, 97 Cal. 169; Davies v. Mann, 10 M. & W. 545; Adams v. Ferry Co., 27 Mo. 95; Needham v. Railroad, 37 Cal. 409; Hall v. Railroad, 219 Mo. 553; Parish v. Railroad, 140 Mo. App. 702; Matz v. Railroad, 217 Mo. 299, 300.

*Douglass & Watson* for respondent.

BROADDUS, P. J.—This is a suit to recover damages for injuries sustained by plaintiff as the alleged result of defendant's negligence.   The defendant corporation was engaged as a carrier in operating a railroad between the towns of Colfax and Applegate in the state of California.

On the 28th day of October, 1908, the plaintiff took passage on one of defendant's engines at Colfax, his destination being Roseville.   According to plaintiff's evidence, he told the engineer he had no money and asked him to let him ride to Roseville, where he expected to get work; that after some talk with the fireman the engineer said: "Well, get on the back end of the engine there and ride;" that at once he went around the back end of the engine and got on a footboard; that there was a rod there on which to hold; that soon thereafter the train pulled out; that in about fifteen or twenty minutes the engineer, while stopping the train, gave it a violent and sudden jar which threw him up against the engine, and, as described by him in his own language, "threw me out and broke my hold

166 Mo. App. 41

Roberts v. Railroad.

and threw me over on the track and the next thing I knew I was lying beside the engine." He testified that he thought the position he took on the engine was safe from danger.

The ground upon which plaintiff asks to recover is that the engineer knew of his perilous position, and that the train could have been stopped without the violent and sudden jar by the use of ordinary care, that is, by shutting off the steam and applying air.

The defense is that plaintiff was a trespasser and, as such, under the laws of California, it owed him no duty except not to willfully and deliberately injure him.

The plaintiff in reply pleaded that under the statutes of California the defendant owed to the plaintiff the same care as if it had received a reward for carrying him. The jury returned a verdict for plaintiff in the sum of $7000, which the court, on motion of defendant, set aside. The plaintiff appealed from the order of the court setting aside the verdict of the jury and granting a new trial.

The case was tried upon the theory that the court believed to be the law of California. It was the insistence that the law governing the question in the state of California was similar to that of Missouri. We shall not enter into the reasons the court gave in the written opinion in sustaining the motion for a new trial, as we find it more convenient to pass upon the controlling question, viz.: the right of plaintiff to recover under his evidence.

In California there are special provisions in the code governing the relation of carriers and passengers. Section 2096 provides: "A carrier of persons without reward must use ordinary care and diligence for their safe carriage."

Section 2090, *idem.* "A carrier without reward who has begun to perform his undertaking must complete it in like manner as if he received a reward, un-

less he restores the person or thing carried to as favorable a position as before he commenced the carriage.''

Section 2100, *idem*. ''A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.''

It is the contention of plaintiff that, under the law of California, he was in peril while upon the engine, and that the defendant failed to exercise due care to save him from injury, and , therefore, he is entitled to recover under the humanitarian doctrine.

Various decisions of the California courts were pleaded by plaintiff and defendant, and others are cited in support of their respective theories of the case.

Under the California Code the plaintiff was not a lawful passenger without reward, but a trespasser. In Sessions v. Railroad, 114 Pac. 982, it is held that: ''A person who obtains free passage on a passenger train from the conductor by means of fraud or misrepresentation, with knowledge of the want of authority on the part of the conductor to allow such free passage, is not a lawful passenger without reward within Civil Code, section 2096, requiring ordinary care and diligence for his safe carriage, but is a mere trespasser, entitled only to demand that he be not willfully or recklessly injured.'' Thus we find that the law of California is similar to that in this state in reference to the duty of a carrier to a trespasser; that is, that the plaintiff being a trespasser, as such, the defendant was not required to use ordinary care for his safe carriage, but that, if it was discovered he was in peril, it was the duty of defendant to exercise ordinary care to prevent injuring him; and that if it failed to exercise such care it was guilty of wanton and reckless conduct. Or, as said in another case, the

failure to exercise ordinary care under such circumstances "amounts to a degree of reckless conduct that may well be termed willful and wanton." [Esrey v. Railroad, 103 Cal. 544.] The holding is similar in Missouri. [Everett v. Railroad, 214 Mo. 54; Cole v. Street Railway, 121 Mo. App. 605, and other cases.]

It is contended that the plaintiff was in peril from the time he took a position on the running board back of the engine until he was thrown therefrom by the force of the jar caused by the sudden stopping of the train; and that the act of the engineer in so stopping the train was willful and reckless, and, therefore, the plaintiff was entitled to recover. But do the facts bear out this construction? The plaintiff was not entitled, as held in the case of Sessions v. Railroad, supra, to ordinary care for his safety. If plaintiff was being carried in a dangerous position, it was one that he voluntarily assumed. He thought he could ride on the engine in safety. He knew, or must be held to have known, that in the stopping of trains it is not unusual for them to be stopped suddenly, accompanied with jars more or less severe. It was one of the ordinary incidents to the movement of trains, and not an act of negligence. Especially such must have been the course of events where the region was so mountainous and the grades so steep as to require two engines to move trains equipped as this one was. Perhaps it was necessary owing to the condition of the grade at the place of stoppage, or that other exigencies of the occasion required that the train be stopped suddenly. There was not a particle of evidence showing that the sudden stoppage and jar of the train were unnecessary or unusual. Furthermore, plaintiff stated that he thought his position was a safe one and the engineer must also have thought so; consequently, there was nothing in plaintiff's position to warrant the belief of either that he was in a position of peril. Such being the case, there was no reason why the en-

gineer should conduct the train other than in the ordinary manner in order to secure plaintiff's safety.

As has been said, the plaintiff being a trespasser, the provisions of sections 2090, 2096 and 2100 have no application. And, in our opinion, the principle governing the case is common not only to California and Missouri, but to most of the states.

The plaintiff has not made out a case under any honest theory of the law, but his right to recover is repugnant to both reason and justice. Affirmed. All concur.