ADAMS *et al.*, Respondents, v. WIGGINS FERRY Co., Appellants.

1. If, in a case of collision, both parties are in fault and the fault or negligence of each contributes to the injuries received, neither party can be made to respond to the other. This doctrine does not, however, apply to a case in which the fault or negligence of the party seeking a recovery contributes only remotely and indirectly to the injury complained of.

| 27 | 95 |
| 45a | 131 |
| 27 | 95 |
| 51a | 34 |
| 27 | 95 |
| 117 | 232 |
| 27 | 95 |
| 124 | 305 |
| 27 | 95 |
| 95a | ²738 |

2. If both parties actively contribute to the injury at the time of its commission, there can be no recovery by either; where, however, the fault or negligence of one party is merely passive, as where his wrong consists in mooring his boat in a prohibited place at a wharf, he may recover for an injury arising from a collision if the other party does not exercise ordinary care and prudence.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover damages for the loss, through the negligence of defendant, of a barge belonging to the plaintiff. The barge was lying at the wharf in the city of St. Louis, and was struck by a ferry-boat belonging to defendant. The defendant denied the negligence alleged, and alleged that the barge was lying at a point at the wharf that was appropriated by the city ordinance to the ferry-boats belonging to defendant; that the injury of which plaintiffs complained resulted from the wrong of plaintiffs in thus mooring their barge.

The following instruction was given to the jury at the instance of plaintiff: " 1. If the jury shall believe that the barge or wood-boat in question was moored in a place not permitted by the city authorities at the time of the collision referred to in the petition, and that notwithstanding this the ferry-boat of defendant could have reached the landing by the exercise of ordinary care and skill on the part of those who had charge of said ferry-boat, without inflicting the injury complained of, then the fact of her being so out of place constitutes of itself no defence to this action."

The court, of its own motion, gave the following instructions: " 2. If the jury believe from the evidence that the plaintiffs were co-partners at the time of the injury complained of, and that the barge and wood in question were their property, and that the injury to said property was caused by the negligence or unskillfulness of the officers or crew of the ferry-boat belonging to the defendant, without any fault on the part of the owners, officers or crew of the barge contributing substantially thereto, the jury should find for the plaintiffs and assess the damages sustained thereby. 3. If

the injury was caused by the negligence or unskillfulness of the plaintiffs, or of the officers or crew of said barge, or if such negligence or unskillfulness contributed substantially to produce said injury, or if the injury was not caused by negligence or unskillfulness on the part of the officers or crew of the ferry-boat or agents of the defendant, then the jury should find for the defendant. 4. If both parties were in fault and the fault of each contributed substantially to produce said injury, or if neither was in fault, the jury should find for the defendant. 5. If the barge was moored and left by her owners in a hazardous position, and the officers and crew of the ferry-boat used ordinary care and skill to avoid injuring the barge, and the injury complained of occurred notwithstanding said care, diligence and skill on the part of said ferry-boat, the jury should find for the defendant. 6. If the barge was in a dangerous position at the time, and the injury complained of would not have occurred if ordinary care, diligence and skill had been used on the part of the ferry-boat, then the jury should find for the plaintiffs, unless the plaintiffs, by their negligence or unskillfulness at the time, contributed substantially to said injury."

The court gave the following instruction at the instance of defendant: " 7. If the jury believe from the evidence that the injury done to the barge was occasioned by the negligence of both plaintiffs and the defendant, and their mutual negligence caused or produced the injury, the plaintiffs can not recover, and the jury will find for the defendant."

Numerous instructions asked by defendant were refused. The jury found for plaintiffs.

*B. A. Hill*, for appellant.

I. The court erred in giving and refusing instructions. If the plaintiffs' barge was moored in an improper place according to the ordinances of the port, the plaintiffs can not recover unless the defendant wilfully ran into her without any necessity for so doing and sunk her. Defendant was not required to use any other than ordinary precautions. The

plaintiffs were in fault in mooring the barge at the ferry landing. Being in fault, they can not recover unless defendant wilfully ran into the barge without occasion. Plaintiffs' fault tended to produce the injury. A vessel injured by negligent mooring can not recover for the damages received. (1 How. 89; Angell on Carr. § 643-6, 633, 638; 29 Eng. Law & Equity, 49.)

*Gray*, for respondents.

I. The instructions given were legal and proper, and covered the whole law of the case fully and fairly. (Angell on Carr. § 638-9; Sedg. on Dam. 469, 470; 11 East. 60; 9 Carr. & Pag. 601, 613; 3 M. & W. 244; 1 Scott, 392; 16 Conn. 420; 19 Conn. 566; 1 Denio, 91; 3 Ohio, State, 172.) When both parties are in fault, the plaintiff remotely and the defendant proximately, the plaintiff may be entitled to recover. (10 M. & W. 545; 24 Verm. 488; 3 Ohio, State, 172; 4 Id. 474.)

SCOTT, Judge, delivered the opinion of the court.

The rule that there can be no recovery when both plaintiff and defendant are in fault, and each, by his negligence or otherwise, has contributed proximately and directly to the injury, has its most frequent application in cases of collisions of vessels, carriages and like vehicles, when they are in motion and on the public thoroughfares. But in such collisions, if one party finds the other in fault, he can not wantonly or intentionally inflict an injury upon him. The principle above stated does not apply to cases in which the fault or neglect of the plaintiff has contributed remotely to the injury. Because one has committed a fault or been guilty of a negligence, he does not thereby place himself at the mercy of every one who may encounter or come in the way of the object in relation to which the fault or negligence has been committed or imputed. If a person discovers that a fault has been committed by another, he is not thereby released from the obligation of conducting himself with ordinary care

and prudence in relation to him in order to avoid doing an injury.

In the case of Butterfield v. Forrester, 11 East, 60, the defendant, for the purpose of making some repairs to his house which was close to the road-side at one end of the town, had put up a pole across this part of the road, a free passage being left by another branch or street in the same direction. The plaintiff at an hour in the evening when there was light enough to discover the obstruction at the distance of one hundred yards was riding very violently, and, not observing the obstruction, his horse ran against it and fell with his rider, who was much hurt in consequence of the accident. In answer to the plaintiff's action, Lord Ellenborough said, a party is not to cast himself upon an obstruction which has been made by the fault of another and avail himself of it, if he do not himself use ordinary and common caution to be in the right. In cases of persons riding upon what is considered the wrong side of the road, that would not authorize another purposely to ride up against them. One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action—an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff. In the case of Davis v. Mann, 10 Mees. & Wels. 545, the plaintiff, having fettered the fore feet of an ass, turned it into a public highway, and as the ass was grazing on the side of the road about eight yards wide, the defendant's wagon with three horses, the driver being behind, coming down a descent at a smart pace, ran against the ass, knocked it down, and the wheels running over it it soon after died. The plaintiff recovered. The court said, that, although the ass was wrongfully on the road, that the defendant was bound to go along the road at such a pace as would be likely to prevent mischief. Were this not so, a man might justify driving over goods left on a public highway, or even over a man lying asleep there, or the purposely running against a carriage going on the wrong side of the road. In

the case of Kerwhacker v. The Cleveland, Columbus and Cincinnati R. R. Co., 3 Ohio, State, 189, it is said, that the mere fact, however, that one person is in the wrong, does not of itself discharge another from the observance of a due and proper care toward him, or the duty of so exercising his own rights as not to injure him unnecessarily.   There have been numerous adjudications, both in England and in this country, where parties have been held responsible for their negligence, although the party injured was, at the time of the occurrence, culpable, and, in some of the cases, in the actual commission of a trespass.   In the case of Trow v. The Vermont Central Railroad Co., 24 Verm. 488, it was held that when the negligence of the defendant is proximate and that of the plaintiff remote, the action can then well be sustained although the plaintiff is not entirely without fault.   This seems to be now settled in England and in this country. Therefore, if there be negligence on the part of the plaintiff, yet, if at the time the injury is committed, it might have been avoided by the defendant in the exercise of reasonable care and prudence, an action will lie for the injury.   The case of the New Haven Steamboat Co. v. Vanderbilt, 16 Conn. 428, was one for an injury to a steamboat.   The defendant claimed and offered evidence that at the time of the injury the lights of the boat were not up according to the statute law of the state, and prayed the court to instruct if this was so the plaintiff could not recover.   The court said that, while on the one hand a party shall not recover damages for an injury which has been brought on himself, neither shall he be allowed to protect himself from an injury which he has committed because the party injured was in the wrong, unless such wrong contributed to produce the injury, and even then it would seem a party is bound to use common and ordinary caution to be in the right.   Sedgwick, in his work on the law of Damages, p. 470, approves the principle of the case of Davis v. Mann, 10 Mees. & Wels., to which reference has been made.   So does Angell, in his treatise on the law of Carriers, p. 532; as also Judge Redfield, in his book on Railways.

We have stated the facts of most of the cases to which we have referred because it seemed necessary to do so in order fully to understand their bearing upon the matter before us. We conceive the law as deduced from them to be, that, although where both parties are in fault, where there is negligence on both sides, and both *actively* contribute to the injury at the time of its commission, there can be no recovery, yet, where there is a mere passive fault or negligence on the part of the plaintiff, the defendant is bound to the observance of ordinary care and prudence in order to avoid doing him a wrong. In the case before us, the boat received the injury complained of when she was moored, and although she was in a prohibited place—one from which she had been lawfully ordered to be removed—the defendant was not released from the obligation imposed both by law and sound morality of using ordinary care and diligence in order to avoid injuring her. If by the fault of the plaintiffs, in leaving their boat at the place where she was found, the defendant could not avoid injuring her, by the observance of ordinary care and prudence, they would be without redress.

We are of the opinion that the instructions given put the law of the case correctly to the jury, and, although some of the refused instructions may have contained correct legal propositions, yet, as the instructions given embodied the law of the case, the defendant was not prejudiced by their refusal. Judge Napton concurring, judgment affirmed; Judge Richardson dissenting.