WILLIAM SCHOENLAU, Appellant, *v.* CONRAD FRIESE ET AL., Respondents.

December 4, 1883.

1. NEGLIGENCE — DAMAGES. — There can be no recovery for an injury to which the plaintiff's negligence directly contributed.

2. PRACTICE — NEW TRIAL. — The refusal to grant a new trial on the ground of newly discovered evidence is not ground for a reversal where it does not appear that such evidence would probably change the result.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

C. A. SCHNAKE and P. E. BLAND, for the appellant.

LOUIS A. STEBER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is one of the best illustrations of concurring negligence that can be found. The defendant's servant negligently left his horse and wagon unhitched on the street in St. Louis.

The defendant's horses ran away, and, while so running, ran into and killed the plaintiff's horse, in consequence of the plaintiff's horse, on the approach of the defendant's horses, turning from where it stood into the middle of the street. A city ordinance makes it a misdemeanor to leave teams unhitched on the street. Both parties, therefore, are guilty of negligence as matter of law. If the defendant's servant had not been guilty of negligence in leaving the defendant's team unhitched, the plaintiff's horse would not have been killed. If the plaintiff had not been guilty of negligence in leaving his horse unhitched, his horse would not have been killed.

The case was tried by the court without a jury, and the judgment was for the defendant. The declarations of law which were given and refused, clearly indicate that the case

was tried upon correct principles of law. We do not consider these at length, because, as the judgment was clearly for the right party it could not be disturbed, even if erroneous declarations of law had been given.

A new trial is asked for on the ground of newly discovered evidence. The evidence claimed to have been discovered since the trial, was that of a person who swore that he was a witness to the catastrophe, and that the defendant's horses were running down the street in such a direction that the plaintiff's horse would not have been struck if it had not turned out into the street. Applications for new trial on the ground of newly discovered evidence are looked upon by the courts with disfavor, and are never granted unless it appears that the evidence claimed to have been newly discovered would probably change the result. The learned judge, who was trier of the facts in the circuit court, had a much better opportunity than we have to judge whether the evidence claimed to have been discovered since the trial in this case would have changed the result. Indeed, we have no basis in this record on which to form a proper judgment upon this question, since the bill of exceptions does not purport to set out the testimony of the witnesses in detail, but merely states that there was evidence tending to show certain facts. Such a bill of exceptions is always to be commended, where the appellant merely seeks to invoke the judgment of this court upon rulings made at the trial; but it manifestly affords no basis upon which we can say whether the newly discovered evidence of a single witness would, on another trial, produce a different verdict. For aught that we can see, twenty bystanders, each having as good an opportunity to view the catastrophe as the newly discovered witness, may have given evidence the reverse of that which his affidavit showed that he would give. Moreover, looking at the substance of this affidavit, it seems that it proffers little more than the *opinion* of a single witness, improbable in itself, that the plaintiff's

horse would not have been struck by the pole of the defendant's wagon if it had not turned out into the street.    Upon the whole, we can not see that the court committed error in refusing a new trial on this ground.

The judgment is accordingly affirmed.    All the judges concur.