MOLIN v. WISCONSIN LAND & LUMBER CO.

1. EXPLOSIVES—GASOLINE—REGULATION—STATUTES.

Under Act No. 37, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2598 *et seq.*), requiring gasoline, benzine, etc., to be kept in receptacles painted red and lettered with the name of the contents, the common law affords a remedy to an individual injured by violation thereof, although the law imposes only a penalty and creates no new remedy; where a duty is imposed by statute for the protection of individuals, the common law usually supplies a remedy if the statute gives none.[1]

2. SAME—NEGLIGENCE.

But where defendant permitted servants of a lumbering contractor to use its shop to warm their food and eat lunch, and to build a fire for such purpose, it was not liable because one of them poured gasoline from a can which was not painted or lettered as required by the statute, in order to start a fire, causing an explosion in which plaintiff was injured, in the absence of any averment that it was customary to use oil or kerosene in building fires, whereby defendant should have anticipated that they would search for and use its oil, and where plaintiff was a mere licensee on the premises and was not invited or permitted to use the oil.

Error to Menominee; Flannigan, J. Submitted June 20, 1913. (Docket No. 64.) Decided November 3, 1913.

Case by Victor Molin against the Wisconsin Land & Lumber Company for personal injuries. An order sustaining defendant's demurrer to the declaration is reviewed by plaintiff on writ of error. Affirmed.

*Judd Yelland* and *Cummiskey & Spencer,* for appellant.

*F. D. Mead,* for appellee.

OSTRANDER, J. The case made by the declaration

---

[1] As to regulating keeping or storing of explosives, see note in 41 L. R. A. (N. S.) 460.

is briefly stated. Defendant owned a small building used as a blacksmith shop. Plaintiff with others, including one David Larson, was employed by Alfred Paulson to load forest products upon cars in the vicinity of the shop. Defendant permitted Paulson's men to use the shop for warming and eating dinner and to make a fire in a stove in the shop. Defendant kept and maintained in the shop, in a can, a quantity of gasoline, or benzine, or naphtha. There are three counts in the declaration, varied by alleging in one that the can contained gasoline, in another that it contained benzine, and in the third that it contained naphtha. Going into the shop on March 3, 1911, the plaintiff and Larson proceeded to build a fire in the stove, in doing which Larson poured some of the fluid from the can into the stove. The fluid was ignited by coals of fire which were in the stove, there was an explosion, and plaintiff was injured. The duty of defendant is alleged to be to keep the said gasoline (or benzine, or naphtha) in a receptacle painted red and stenciled gasoline (or benzine, or naphtha), as required by Act No. 37 of the Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2598 *et seq.*), and the breach of duty alleged is that the fluid was kept in a can not labeled and not painted red. It is averred that, while plaintiff was in the exercise of due care, Larson, as the result of the negligence of defendant, procured the can and poured some of the fluid in the stove; "the said plaintiff not then and there knowing the contents of the said can to be gasoline" (or naphtha, or benzine) but supposing it to be kerosene oil. To the declaration defendant demurred for the reasons:

"(1) Because the declaration fails to allege any such state of facts or such active wrongdoing or wanton or gross negligence as make the defendant liable to the plaintiff under the license or permission granted by it to plaintiff's employer, Alfred Paulson,

permitting his employees, including plaintiff, to enter and use the stove in the blacksmith shop of the defendant for the purpose therein mentioned.

"(2) Because it appears from said declaration that, at the time the accident occurred resulting in the injury to the plaintiff, the premises were not being used in accordance with the permission granted to Alfred Paulson, the employer of the plaintiff.

"(3) Because it appears from the declaration that the plaintiff was guilty of contributory negligence as a matter of law.

"(4) Because it appears from the declaration that the plaintiff did not belong to the class of persons which Act No. 37 of the Public Acts of 1909 (the violation of which by the defendant is charged to be negligence) is intended to protect.

"(5) Because it does not appear from the declaration that the defendant belongs to the class of persons who are required by said act to keep gasoline, naphtha, or benzine in the receptacles mentioned in said act and marked as provided therein.

"(6) Because it does not appear that the defendant violated said Act No. 37 of the Public Acts of 1909.

"(7) Because the failure to label the can containing gasoline, naphtha, or benzine was not the approximate cause of the injury.

"(8) Because under the facts as stated in the declaration the defendant owed no duty to the plaintiff to label said can in accordance with said statute.

"(9) Because it does not appear from the facts as stated in the declaration that the defendant was guilty of any negligence."

The demurrer was sustained and a judgment was entered that plaintiff take nothing by his suit and that defendant go thereof without day. It does not appear that any amendment of the declaration was or is desired.

The case cannot be disposed of on the second, third, fifth, or sixth grounds of demurrer. Fairly interpreted, the declaration charges defendant with a violation of the statute. The command of the statute is: "Every person purchasing gasoline, benzine or

naphtha for use or sale at retail shall procure and keep the same only in barrels, casks, jugs, packages or cans painted and lettered as hereinbefore provided"—*i. e.*, in red cans having the word gasoline, or benzine, or naphtha, plainly lettered in English thereon. We must therefore consider the question which is raised by the other asserted grounds of demurrer.

The statute imposes a duty as a regulation of police, and it provides that, if the duty is neglected, a penalty, which may be a fine or imprisonment or both, may be imposed. It does not otherwise point out the consequences of its violation. The authorities recognize as a general rule that, where the duty imposed by a statute is manifestly intended for the protection and benefit of individuals, the common law, when an individual is injured by a breach of the duty, will supply a remedy if the statute gives none. See *Barfoot* v. *White Star Line,* 170 Mich. 349 (136 N. W. 437), and authorities cited in the opinion. The duty imposed by this statute is in fact calculated to protect, and we have no doubt was intended to protect, individuals.

It is said by appellant that the statute is intended for the protection of the public; that plaintiff "was rightfully upon the premises and, being a part of the whole public, was entitled to the protection of the statute." But a duty owing to everybody can never become the foundation of private action at law until some individual is placed in a position which gives him particular occasion to insist upon its performance; it then becomes a duty to him personally. Illustrating by the facts before us, whether defendant obeyed the statute was a matter of no personal consequence to plaintiff so long as he remained away from defendant's blacksmith shop or, being rightfully in the shop, so long as he did not use defendant's property to build a fire. Assuming that defend-

ant violated the statute and that keeping the gasoline (or benzine, or naphtha) as it was kept was negligence *per se*, was plaintiff a person having the right to insist that the statute duty be performed—to insist that defendant owed him any duty?

In argument appellant seems to make the answer to this question depend somewhat upon what Larson did. Larson, it is averred, found the can and poured some of its contents into the stove; plaintiff supposing that what the can contained was kerosene oil. The enterprise of building a fire was a joint one, undertaken for the benefit of both Larson and the plaintiff, and involved, on the part of both, the use of defendant's oil. It is not a case where the can and its contents came rightfully into the hands of Larson for use. Both were on the premises of defendant by permission. Neither had been invited to use them, and neither of them had any business to transact with defendant there. The relation of each to the premises and to defendant was that of a licensee. Did defendant owe them the duty to see that his gasoline (or benzine, or naphtha) was kept in a red can? We think the answer must be "no" unless in giving permission to build a fire defendant ought to have considered that the men were likely to use his kerosene oil for that purpose and might suppose the can in question contained kerosene oil. The plaintiff has not averred a custom or practice in the locality or generally of starting fires in stoves with oil, by reason of which defendant ought reasonably to have anticipated that his licensees would search for his oil and use it to start a fire. We know of no general custom or practice to make such use of kerosene oil.

We conclude that the declaration alleges no duty owed by defendant to the plaintiff, and therefore affirm the judgment.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.