## JOHN G. KUPFERLE FOUNDRY COMPANY, Appellant, v. ST. LOUIS MERCHANTS BRIDGE TERMINAL RAILWAY COMPANY.

### Division Two, July 16, 1918.

1. **NEGLIGENCE: Obstruction of Street by Plaintiff.** The fact that the plaintiff maintained a naphtha tank in the street in violation of a city ordinance does not of itself prevent recovery by him for damages when the railroad company backed a freight car off the end of a switch track in the street, which passed on to and struck the tank, causing the naptha to take fire and thus burning his factory in connection with which the naphtha was used. Unless the illegal obstruction was the proximate and efficient cause of the injury it does not totally bar recovery, nor relieve the railroad company for at least nominal damages for the negligent injury done to the tank.

2. ———: **Unforeseen Accident.** A party charged with negligence may be held liable for anything which, after the injury is complete, appears to be a natural or probable consequence of his negligent act. The fact that the trainmen, who backed the freight car off the end of a switch track and on to a tank ten feet beyond the end, did not know that it contained an explosive, does not protect the railroad company from damages caused by the explosion.

3. ———: **Contributory: Maintenance of Naphtha Tank.** Whether or not the plaintiff foundry company was guilty of negligence in maintaining a tank containing naphtha, which it used in connection with its factory, in the street, against which the trainmen shoved a freight car, after running it off the end of the switch track in the street, causing an explosion and a fire in the factory, and in covering it with a wooden box painted red, with no sign to indicate that naphtha was kept in it, is a question for the jury, and it cannot be said as a matter of law that the keeping of the tank in said manner and at said place was negligence *per se.*

4. ———: **Explosive: Violation of Ordinance.** The keeping of explosives in violation of a statute or ordinance is negligence.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED AND REMANDED.

*F. L. Cornwell, Barger & Hicks & Clyde Gary* for appellant.

(1) Whether plaintiff was negligent in placing the tank of naphtha where the evidence showed it was at the time of the accident is under all the circumstances, a fact that, in the judgment of sensible men, would lead to different conclusions. Plaintiff was not negligent as a matter of law for any of the reasons hereinafter specified; therefore, the case should have been submitted to the jury under appropriate instructions. Weber v. K. C. Cable Ry. Co., 100 Mo. 201; Petty v. Hannibal & St. J. Ry. Co., 88 Mo. 316; Huhn v. Mo. Pac. Ry. Co., 92 Mo. 450; Mauerman v. Simerts, 71 Mo. 105. (2) The tank of naphtha was not a nuisance *per se,* in that it was an unlawful obstruction on the public highway. Robert v. Powell, 168 N. Y. 411, 85 Am. St. 673, 55 L. R. A. 755; People v. Park & O. Railroad Co., 76 Cal. 156; City of Richmond v. Lambert, 111 Va. 176, 28 L. R. A. (N. S.) 381; Wolf v. District of Columbia, 196 U. S. 156, 49 L. Ed. 428; Nutter v. Pearl, 71 N. H. 248; Graves v. Shattuck, 35 N. H. 265, 69 Am. Dec. 536; Blackburn v. Southwest Mo. Railroad, 180 Mo. App. 548; Schopp v. City of St. Louis, 117 Mo. 137; Corby v. C., R. I. & P. Ry., 150 Mo. 466. (3) The tank was not a nuisance in that it was used for storing naphtha, a

volatile, inflammable substance. O'Hara v. Nelson, 71 N. J. Eq. 161; Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654; Rudder v. Koopman, 37 L. R. A. 489; Kleebauer v. Western Fuse & Explosive Co., 60 L. R. A. 377, 94 Am. St. Rep. 62, 138 Cal. 497; Barnes v. Zittlinger, 25 Tex. App. 468; Flynn v. Butler, 189 Mass. 377; Tuckashinsky v. Lehigh & W. Coal Co., 199 Pa. 515; People v. Sands, 1 Johns, 78, 3 Am. Dec. 296; Dumesnil v. Du Pont Co., 18 B. Mon. 800, 68 Am. Dec. 750, 57 Ky. 800; Wilson v. Phoenix Powder Manf. Co., 52 Am. St. 890, 40 W. Va. 413; Remsberg v. Cement Co., 73 Kan. 66, 84 Pac. 548; Harper v. Standard Oil Co., 78 Mo. App. 344; State ex rel. Hopkins v. Excelsior Powder Mfg. Co., 259 Mo. 254. (4) That plaintiff may have violated the law by placing the tank in the street does not preclude plaintiff from recovery for damages to its property in this case, unless such violation was a direct and contributory cause to the accident, which, under the evidence, was a question for the jury, under appropriate instructions. Huelsenkamp v. Citizens Ry. Co., 37 Mo. 550; Brown v. Hannibal & St. J. Railroad, 50 Mo. 468; Blackburn v. Southwest Mo. Railroad Co., 180 Mo. App. 548. (5) The proximate cause of the injury was the negligent manner in which defendant's employees shoved the car on the spur track. Holwerson v. St. L. Sub. Ry. Co., 157 Mo. 231; Railway Co. v. Kellogg, 94 U. S. 475, 24 L. Ed. 257; Graney v. St. L., I. M. Ry., 140 Mo. 98; Buckner v. Stockyards Horse & Mule Co., 221 Mo. 700; Dean v. Railroad, 199 Mo. 411; Phillips v. St. Louis & San Francisco, 211 Mo. 419; Greer v. St. L., I. M. & S. Ry. 173 Mo. App. 276; Zeis v. St. Louis Brewing Assn., 205 Mo. 651; Fishburn v. Railroad, 127 Iowa, 492; Woodson v. Metropolitan Ry. Co., 224 Mo. 685; Strayer v. Quincy, O. & K. C. R. R., 170 Mo. App. 514; Driskell v. United States Health & Accident Ins., 117 Mo. App. 362; The Santa Rita, 176 Fed. 895; Insurance Co. v. Tweed, 7 Wall, 44, 19 L. Ed. 65; Washington & Georgetown R. v. Hickey, 166 U. S. 521, 41 L. Ed. 1101. (6) Plaintiff had a right to rely on the presumption that defendant's employees would use ordinary care in shoving cars on this spur track. Moberly v. K. C. St. J. and C., B. & Q. Ry., 17 Mo.

App. 543; O'Connor v. The Mo. Pac. Ry., 94 Mo. 157; Clark v. C. & A. Ry. Co., 127 Mo. 213.

*T. M. Pierce, S. P. McChesney,* and *J. L. Howell* for respondent.

(1) Under the law, the violation of the ordinance is negligence *per se.* Sluder v. Transit Co., 189 Mo. 129. And irrespective of any ordinance requirements, the placing of an obstruction in a public thoroughfare, whatever the character of the structure might be, and done without lawful authority, constitutes a nuisance at common law, and this becomes peculiarly a nuisance when the character of the obstruction creates an added danger to the public by reason of its dangerous nature. (2) The explosion and instantaneous firing of the naphtha in the tank, which the appellant had placed within a short distance of the end of the rails of the switch track, was the proximate and contributory cause of the conflagration which destroyed the property of the appellant, and therefore the appellant cannot recover in this case. 21 Am. & Eng. Ency. Law, p. 493, Note 1; 1 Thomp. Neg., sec. 83, p. 84; Anderson v. Miller, 96 Tenn. 35; Packet Co. v. Vandergrift, 34 Mo. 55; Callahan v. Warne, 40 Mo. 132; Concoran v. Railroad, 105 Mo. 399; Dougherty v. Railroad, 97 Mo. 647. If the accident be caused by the joint and concurrent negligence of both appellant's and respondent's agents, and the negligence of neither without the concurring negligence of the other would have caused the injury, the appellant is not entitled to recover. Hornstein v. Railroad, 97 Mo. App. 271; Webber v. K. C. Cable Ry. Co., 100 Mo. 194; Hogan v. Citizens Ry. Co., 150 Mo. 36; Moore v. K. C. F. S. & M. Ry. Co., 146 Mo. 572; Corcoran v. St. L., I. M. & S., 105 Mo. 405.

ROY, C.—Plaintiff sued for damages caused by the alleged negligence of defendant in pushing a car off the end of a switch track against a car containing naphtha, demolishing the car and the box cover over it, causing the naphtha to take fire and thus burning plaintiff's factory and contents. The trial court sustained a demurrer to the evidence and plaintiff has appealed.

The fire occured on the morning of September 7, 1912, about four o'clock.  Plaintiff's factory building abutted on the south side of Wright Street between First and Hall Streets.  Wright Street at that place was open and used, but it was not "made."  It had no sidewalk.

The defendant had a switch track on Wright Street extending west a portion of the distance along the north side of plaintiff's factory.  It was on a level with the street.  Its south rail was forty-four inches from the factory, and there was no bumping post at the end of that track.  Almost against its building and about ten feet west of the west end of said track, plaintiff kept a fifty-gallon iron tank containing naphtha, for the purposes of its factory.  That tank was covered with a wooden box painted red.  There was no sign to indicate that naphtha was kept there.

The evidence for the plaintiff indicates that defendant's employees negligently shoved a car along that track so as to run it off the end thereof against the tank, causing the fire.

In its answer the defendant alleged the existence of two ordinances of the city, one of which prohibited obstructions in the street, and the other required that all buildings used for storing naphtha and other combustibles should have posted on the outside thereof signs indicating the inflammable nature of the contents, and alleged that the plaintiff had violated both those ordinances by keeping said tank as it did.  That portion of the answer was stricken out on motion of plaintiff.

We will first consider the case as it involves the question of the liability of the defendant for damages because of the destruction of the tank and the box over it.  The liability of defendant for damages caused by the fire involves other questions, which we will consider later.

I.  The fact that the tank was in the street and may have been an illegal obstruction thereof, does **Illegal Obstruction.** not, of itself, prevent a recovery by the plaintiff.  Beach on Contrib. Negligence (3 Ed.), sec. 45, says:

"It is no defense to an action for negligence that the plaintiff was engaged in violating the law in a given particular at the time of the happening of the accident, unless the violation of law was a proximate and efficient cause of the injury. Some mere collateral wrong-doing by the plaintiff, that has no tendency to occasion the injury, cannot, of course, avail the defendant through whose negligence the injury has been suffered. Thus, for example, driving on the wrong side of the road will not, as a matter of law, prevent a recovery in case of a collision. It is a circumstance to go to the jury on the question of the plaintiff's negligence. So, also, one who places his wagon in the street for the purpose of loading it, in such a position as to violate a city ordinance, may, nevertheless, recover from one who negligently runs into it."

1 Thompson on Negligence, sec. 204, says:

"In many cases the violation of law by the person injured is *collateral* to the accident; in other cases it does not contribute *directly* to it, but *remotely*. Thus, in the case first above stated, we can easily concur with the result reached by the court, because the conduct of the two actors, the plaintiff and the defendant, was concurrent in point of time. But in the second case, the simple fact that the plaintiff, in violation of an ordinance, was standing his hack across the street, surely did not justify the defendant in driving upon it, and breaking it. The mere fact that a person unlawfully exposes his person or property to a negligent injury, does not justify another person in *subsequently* injuring it, when he might have avoided doing so by the exercise of ordinary care; and the rule equally applies in the case where one *unlawfully* exposes his person to an injury."

In Weller v. Railroad, 120 Mo. 635, it was held that the driving of a wagon at a rate of speed prohibited by a city ordinance at the time of a collision between the wagon and a railroad train on a highway crossing is such negligence as to prevent a recovery.

In Schoenlaw v. Friese, 14 Mo. App. 436, both plaintiff and defendant, in violation of an ordinance, left their

horses unhitched on the street. One ran away and killed the other in the middle of the street. It was held there could be no recovery.

In Blackburn v. Railroad, 180 Mo. App. 548, plaintiff, without the permit required by an ordinance, was moving a house along a street and came in contact with an uninsulated electric wire negligently maintained by defendant. It was held that plaintiff could recover, though he was at the time violating the ordinance, such violation not being the proximate cause of the injury. [See also Reed v. Railway, 50 Mo. App. 504; Phelan v. Paving Co., 227 Mo. 666; Adams v. Wiggins Ferry Co., 27 Mo. 95.]

We are of the opinion that, outside of the damage done by the fire, the plaintiff's evidence made a case for the jury for at least nominal damages for the injury to the box and tank.

II. The fact that defendant's employees did not know that the tank contained an explosive does not protect it from liability for the damage caused by the explosive. 1 Shearman & Red. on Negligence (6 Ed.), sec. 28, says:

Knowledge.

"The weight of authority seems to be decidedly against holding the defendant liable for all the actual consequences of his wrongful acts, when they are such as no human being, even with the fullest knowledge of the circumstances, would have considered likely to occur; and, on the other hand, the best authorities seem to be quite opposed to the theory that he should be held liable only for such consequences as he ought himself to have foreseen."

In Benton v. St. Louis, 248 Mo. 98, l. c. 110, is this:

"Another rule in point, is that, in cases of negligence, liability does not hinge on whether, by the exercise of reasonable prudence, the very injury complained of ought to have been foreseen. The party charged may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. [Dean v. Railroad, 199 Mo. l. c. 411; Zeis v. Brewing Assn., 205 Mo. l. c. 651; Brady v.

Railroad, 206 Mo. l. c. 537; Buckner v. Horse & Mule Co., 221 Mo. l. c. 710; Woodson v. Railroad, 224 Mo. l. c. 707.]''

III.   It cannot be said that, as a matter of law, the keeping of the tank at the place and in the manner above shown was negligence *per se.*   There may be cases where the amount of explosive kept, the place where it is kept, and the manner of keeping it may be such as to constitute a nuisance *per se,* or to show negligence *per se;* but ordinarily the question as to whether the facts show negligence or a nuisance is for the jury.   There is no difference of opinion as to that general rule.   [Amsterdam v. Dupont etc. Powder Co., 62 Pa. Super. Ct. 314; Miller v. Chandler, 163 Ky. 301; Dahl v. Valley Dredging Co., 145 N. W. (Minn.) 796; Little v. James McCord Co., 151 S. W. (Tex.) 835; Kerbaugh v. Caldwell, 80 C. C. A. 470; Kinney v. Koopman & Gerdes, 116 Ala. 310; Prussak v. Hutton, 51 N. Y. S. 761.]

*Contributory Negligence.*

The question of negligence in the keeping of the naphtha is for the jury on all the facts in the case, including the fact that the tank was placed as it was, and that no notice of its contents appeared thereon.

IV.   The city ordinance as to the keeping of explosives is not properly before us, and we will express no opinion thereon.   The cases are almost unanimous in holding that the keeping of explosives in violation of a statute or of an ordinance is negligence.   We cite the following:   Pinson v. Young, 100 Kan. 542, 164 Pac. 1102; Perry v. Rochester Line Co., 219 N. Y. 60; Molin v. Wis. L. & L. Co., 143 N. W. 624; Smith v. Mine & Smelter Co., 88 Pac. (Utah) 683; Kinney v. Koopman & Gerdes, 116 Ala. 310; Cameron v. K. C. Com. Co., 22 Mont. 312.

*Ordinance.*

The judgment is reversed and the cause is remanded for further proceedings in accordance herewith.

*White, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court.   All of the judges concur.